SARTAIN, Judge.
This is an appeal by the Louisiana Wildlife and Fisheries Commission from a ruling of the Civil Service Commission overruling the action of its Director, J. D. Hair, Jr., in terminating the services of Edward C. Tassin, a classified Wildlife Agent I in the civil service employment of the State of Louisiana. In its opinion the Civil Service Commission gave an adequate statement of the case from which we quote:
“By letter dated August 10, 1965, appellant, a permanent Wildlife Agent I, was informed of his removal effective August 25, 1965. This letter was signed by J. D. Hair, Jr., Director of the Louisiana Wild Life and Fisheries Commission. The letter of removal enumerates six grounds for dismissal, relating to improper performance of duties as Wildlife Agent, improper use of Wild Life and Fisheries equipment, insubordination of supervisors, attempting to initiate disciplinary action against a supervisor and attempting to convert to his own use bedding which did not belong to him.
“A notice of appeal was lodged with this Commission on September 7, 1965. Appellant specifically objects to his separation from the classified service for the reason that his dismissal was effected without the approval or permission of the appointing authority in direct violation of the Constitution and Rules of this Commission. He also urges exceptions of pre-cription, no cause of action and vagueness and denies each of the six charges leveled against him. He prays that he be reinstated to his former position with back pay from the date of his discharge. The appeal was heard on October 27, 1965. Both appellant and the appointing authority were represented by counsel.
“The Commission first considered appellant’s contention that his dismissal was invalid because it was not made by the appointing authority in accordance with the provisions of the Constitution and the Rules of this Commission. The Commission also entertained evidence on the merits of the appeal to complete the record. Although in its opinion the evidence on the merits sustains appellant’s position, the Commission makes no finding on the merits in zdezv of its findings and conclusions of the jurisdictional issue, namely the authority of J. D. Hair, Jr., to discharge appellant.” (Emphasis ours.)
LSA-Louisiana Constitution Article 14, Section 15(N) (1) provides:
“No person in the State or Classified Service having acquired permanent Civil Service status, shall be demoted, dismissed, or discriminated against, except for cause, expressed in writing by the appointing authority, (a) The burden of proof on appeal, as to the facts, shall be on the employee.”
The Civil Service Commission reinstated the employee, Mr. Tassin, on the grounds that Mr. J. D. Hair, Jr., as Director of the Louisiana Wildlife and Fisheries Commission, was not the “appointing authority” within the meaning of the above quoted Constitutional provisions.
By a 1944 amendment the Louisiana Constitution Article 6, Section 1 provided in paragraph (A) for a Department of Wildlife and Fisheries and a Commissioner of Wildlife and Fisheries. The Commissioner of Wildlife and Fisheries directed and controlled the Department of Wildlife and Fisheries and was appointed by the governor, by and with the advice and consent of the Senate, for a term of four years, as provided by LSA-R.S. 56:3. One of the Commissioner’s special powers and duties was that he “shall have supervision and control over all employees in every branch of the service, and shall give his entire time to the service * * * LSA-R.S. 56:6.
*814 In 1952 Louisiana Constitution Article 6, Section 1 (A) was again amended; this time the Department of Wildlife and Fisheries under its Commissioner was abolished, and in its place was substituted the Louisiana Wildlife and Fisheries Commission, consisting of seven members, six of whom served for a term of six years and one of whom served for a term concurrent with the term of the governor. By this 1952 amendment, Louisiana Constitution Article 6, Section 1 (A) (6) (1, 2, 7, and 9) provides:
“(.6) (1) The Commission shall have general control, management, supervision and direction of the Louisiana Wild Life and Fisheries Commission. It shall make such studies and investigations as it thinks necessary. It shall formulate the policies and shall determine the wisdom and efficacy of the policies, plans, rules, regulations and proceedings of the Commission, the execution of which may by it be delegated to the Director of the Louisiana Wild Life and Fisheries Commission within the scope of its functions.
“(2) The functions of the department of wild life and fisheries and all of the functions of the commissioner of wild life and fisheries as provided by law are transferred to the Louisiana Wild Life and Fisheries Commission and shall be performed by it or under its direction and control by such officers and employees of the Louisiana Wild Life and Fisheries Commission as the commission may designate, except that the functions of the commissioner of wild life and fisheries as now provided by law and such other functions as the Commission may designate shall be administered under the direction and control of the Louisiana Wild Life and Fisheries Commission. No appointed member of the commission may prescribe or direct the conduct of the commission or the action of the executive officer of the commission or any subordinate member thereof in any matter or case, unless first authorized by the board. . .
******
“(7) The commission shall select a Director of the Louisiana Wild Life and Fisheries Commission who shall serve as executive officer and administrative officer of the commission and shall be secretary of the commission. The director shall be a qualified elector of this state. The director shall serve at the pleasure of the commission and his salary and that of other personnel shall be fixed by the commission. The salary of the director shall be not less than $7,500.00 nor more than $10,000.00 per annum.
“The commission shall appoint two assistant directors, one of whom shall, under the supervision of the director, have the administration of the commercial fur and fishing laws of the state, and one of whom shall, under the supervision of the director, have the administration of the wild life and game laws of the state.
* * * * * *
“(9) The provisions of this amendment shall be self-operative and shall require no further or other legislation.”
This is the law today. Therefore, it is apparent that the intent of the legislature and the people in amending the constitution in 1952 was to take the vast supervisory powers from the hands of the one-man Commissioner and put it in the care of a board made up of several members. However, this board may delegate much of the supervisory powers to a Director of Wildlife and Fisheries whom they select and who serves as the executive officer and administrative officer of the Commission and as secretary of the Commission.
It is Tassin’s contention that in the absence of a specially expressed delegation by the Louisiana Wildlife and Fisheries Commission to its Director, only the Louisiana Wildlife and Fisheries Commission remains the sole appointing authority. Tassin further contends that no such delegation was ever made.
*815 In opposition to this contention was offered the following resolution of the Louisiana Wildlife and Fisheries Commission:
“BE IT RESOLVED that Mr. J. D. Hair, Jr., he and he is hereby appointed Director of the Louisiana Wildlife and Fisheries Commission, effective May 26, 1964, to succeed Mr. L. D. Young, Jr., who shall serve as Executive Officer and Administrative Officer of the Commission, at a salary of $10,000.00 per annum, and shall be the Secretary of the Commission; that the said Director be and he is hereby authorized to and on behalf of the Louisiana Wildlife and Fisheries Commission, to sign and execute any and all vouchers, checks, warrants for the withdrawal or disbursements of departmental funds and such other documents as may be necessary or required in connection therewith and to do any and all things necessary or required in connection with the discharge of the duties of his office.” (Emphasis ours.)
Thus the issue for determination in the matter now before us is whether or not the above quoted resolution designating Mr. Hair as “executive officer and administrative officer of the Commission” did in fact delegate to him authority to conduct the routine day-to-day affairs of the Commission, including the supervision of its employees and particularly the authority to discharge employees for cause, subject, of course, to the applicable provisions of the Constitution pertaining to civil service status of 'classified personnel. It is unquestioned that the aforementioned resolution could have been clearer and more specific in its intent and purposes. However, we believe that a fair and reasonable interpretation of the resolution did in fact delegate to Mr. Hair such authority. In arriving at this conclusion, we have given particular significance to the reliance placed upon it by both the Louisiana Wildlife and Fisheries Commission and Mr. Hair following its adoption on May 26, 1964. If there was any doubt about its intent at the time, subsequent events have removed such doubt In this regard, we have reference to the case of Spruill v. Louisiana Wildlife and Fisheries Commission, La.App., 183 So.2d 141, which involved the dismissal by Mr. Hair of an employee for misconduct. There as here a letter was addressed to the employee by Mr. Hair, specifying the charges and terminating the former’s employment on August 11, 1964. A previous letter had been sent approximately one month after Mr. Hair became Director. The employee appealed his dismissal to the Civil Service Commission. The Civil Service Commission sustained the action of Mr. Hair and further stated in the concluding paragraph of its findings of fact the following (Page 144 of 183 So.2d):
“ ‘We find that the action taken by the appointing authority in discharging Spruill was justified, and the appeal is accordingly denied.’ ”
We recognize that in the Spruill case, supra, Mr. Hair’s authority was not specifically challenged as here. Further, we do not necessarily imply that because he was recognized as the appointing authority therein, his authority may never be challenged later or that the Civil Service Commission is bound by its previous statement. Such a statement and recognition of Mr. Hair as the appointing authority in the Spruill case, supra, is important here, however, because it does have a bearing on the present relationship between the Louisiana Wildlife and Fisheries Commission and its Director, Mr. Flair, as these two parties intended to establish by the resolution of May 26, 1964.
It is apparent to us that the Louisiana Wildlife and Fisheries Commission intended to grant dismissal authority to Mr. Hair. Had they not done so they would not have appeared before the Civil Service Commission in defense of his action in dismissing Spruill or in appearing before this court on Spruill’s appeal. These were acts on their part through persons they considered duly authorized. Had Mr. Hair’s authority been questioned in the Spruill matter, and overruled as here, they could *816 have left it as it then stood and by their silence showed that such authority was not intended or given. However, they prevailed and had it not been their continued desire that Mr. Hair have such authority it would have been very easy to withdraw it by appropriate resolution. Instead, they chose to let matters stand fortified with success in their procedure and armed with the statement of the Civil Service Commission that Mr. Hair was in fact acting properly and with authority. Their continued intention is further evidenced by their representation again before the Civil Service Commission and here in this court in the instant matter.
We agree with the statement of the Civil Service Commission that the discharge of an employee must come from the appointing authority is to be strictly construed and that the absence of proper notification is fatal to the employer’s action. However, under the particular facts of this case and where the Civil Service Commission had previously recognized Mr. Hair’s authority, we believe that the interpretation given to the resolution of the Louisiana Wildlife and Fisheries Commission is in fact too strict. In Miller v. State Department of Health, La.App., 135 So.2d 570 oral testimony was admitted and used for the purpose of showing delegated authority. The cases of Young v. Charity Hospital of Louisiana, New Orleans, La., 77 So.2d 13 and Day v. Department of Institutions, 81 So.2d 826, cited by Civil Service Commission in their opinion are not controlling of the issue presented in the case now before us. In the Young case, supra, no written notice of any type was sent to the employee. In the Day case, supra, no written notice was given to the employee and the additional issue was whether or not the said employee had not in fact previously resigned.
 As stated in its opinion, the Civil Service Commission did not render judgment on the merits. Under the provisions of LSA-Louisiana Constitution Article 14, Section 15(O) (1) the State Civil Service Commission is a fact finding body with legal power and authority to issue orders and render judgments pursuant to the facts found by it. Accordingly, we believe this matter should be remanded to the Civil Service Commission for the purpose of rendering a decision on the merits.
For the foregoing reasons, the decision of the Louisiana Civil Service Commission, holding that Mr. J. D. Hair, Jr., was without authority to act in the premises is reversed and this case is hereby remanded to the said Civil Service Commission for a ruling on the merits.
Reversed and remanded.