LOTTINGER, Judge.
This is an appeal by Julius L. Book from a ruling of the Civil Service Commission of the State of Louisiana maintaining his dismissal from the Louisiana Wild Life and Fisheries Commission. The statement of the fact, as given in the opinion of the Civil Service Commission, is as follows:
“Julius L. Book, a long time permanent employee occupying the position of Chief ' of the Wild Life Enforcement Division of the Louisiana Wild Life and Fisheries Commission, was suspended for 30 days effective September 23, 1965. The reasons for this action are contained in a letter dated September 22 in which it is alleged that on September 11, 1965, a Saturday, appellant came to work at the Commission Wharf in New Orleans at 11:00 p. m. and left at 12:00 p. m.; that he was instructed to return to the wharf as soon as possible and when he had not returned at about 3:00 a. m. on September 12, 1965, appellant was contacted by radio by his superiors and instructed to report back to the wharf immediately; that when finally appellant did report back at 4:45 a. m. he was in an intoxicated condition. It is alleged that his presence was necessary at the wharf because of the emergency occasioned by Hurricane 'Betsy’. In the letter appellant was advised that during the period of the suspension the appointing authority would investigate these complaints further as well as other possible complaints.
On October 21, 1965 a notice of appeal from his suspension (docketed as No. 672) was filed on behalf of appellant by his attorney. Appellant denies the allegations in the notice of suspension and objects to the paragraph referring to the investigation of complaints as being too ambiguous and not setting forth any charge. Appellant requests revocation of the suspension with restoration of pay and other benefits.
Then by letter of October 18, 1965, from J. D. Hair, Jr., Director of the Wild Life and Fisheries Commission, appellant was notified of his removal effective October 22, 1965. The basis for this action is a charge of dereliction of duty on September 11, 1965, following Hurricane ‘Betsy’. It is alleged that all Wild Life and Fisheries Commission employees were placed on 24-hour active duty and that appellant in his position as Chief of Enforcement was indispensable in the coordination and utilization of Wildlife Agents, *770 their boats and other equipment. Appellant was charged with leaving his post of duty on September 11, 1965 at noon for lunch and without returning thereto until 4:45 p. m. when he was in an intoxicated condition. Prior to his return to-duty appellant had been instructed by radio at 3 :00 p. m. to return, whereupon he stated that he would report in 30 minutes. He did not report until an hour and 45 minutes later.
The letter also alleges that in the course of investigation appellant’s conduct on the days in question, it was ascertained that between June 11 and 13, 1965, appellant madé personal use for his own benefit of a Wild Life and Fisheries Commission boat, the Zoric, and its crew members, without authority and in violation of the Commission regulations.
On November 18, 1965 a notice of appeal (docketed as No. 681) was filed on behalf of appellant by his attorney, and the allegations forming the basis of his removal were denied. Appellant seeks reinstatement with pay. .
A .hearing on both appeals. (Docket No. 672,. dealing with the suspension; and Docket No. 681, dealing with the dismissal) was had in Baton Rouge on January 5. The appellant and the appointing authority were represented by counsel.”
The appellant vigorously attacks the legality of his dismissal on two scores. First, he maintains that a classified employee of the State of Louisiana is not subject to disciplinary action except for cause expressed in writing by the appointing authority. In support of this contention, the appellant claims that Mr. Hair was not the appointing authority over him. His second question as to the legality of his discharge relates to -the resolution adopted by the Louisiana Wild Life and Fisheries Commission, hereinafter referred to as the Commission.
Article Fourteen, Section Fifteen (N) (1) provides as follows:
“No person in the State or Classified. Service having acquired permanent Civil Service status, shall be demoted, dismissed, or discriminated against, except for cause, expressed in writing by the -appointing authority.
(a) The burden of proof on appeal, as to the facts, shall be on the employee.”
The question of the authority of Mr. Hair to dismiss employees of the Commission was considered by this Court in Tassin v. Louisiana Wildlife and Fisheries Commission, La.App., 193 So.2d 812, in a decision recently rendered by this Court. In that case, we held that Mr. J. D. Hair, Jr., as Director of the Louisiana Wild Life and Fisheries Commission, was given the authority to dismiss employees of that Commission in a resolution which was adopted when he- was appointed to said position. This resolution is quoted in full in our said prior decision, and we feel that under the said decision there is no question but that Mr. Hair had such authority.
Furthermore, in the Tassin case there was no specific resolution dealing with the dismissal of Mr. Tassin before the Court, in the instant case we have a specific resolution adopted by the Commission in which Mr. Iiair was specifically directed to dismiss Mr. Book from the services of the Commission. - Although in the procedure surrounding the dismissal of Mr. Tassin, we held his dismissal legal under the general wording of the resolution in which Mr. Hair was appointed director of the Commission, which resolution gave him the authority “ * * * to any an¿ things necessary or required in connection with the discharge of the duties of his office.” In the present case, we not only have this resolution, which we can take judicial notice of even though it was not introduced in this particular case, we also have a resolution'adopted by the Commission in which Mr. Hair was specifically directed to dismiss Mr. Book. Although the appellant attacks this resolution *771 upon the grounds that it was not adopted at a true public meeting of the Commission, the 'resolution is in the record, it has been certified by the Secretary of the Commission, and the appellant has failed to substantiate his contentions of invalidity of the resolution.
With regard to the .facts surrounding the dismissal of the appellant, the constitution of this state provides that upon appeal the burden of proof shall be on the employee. Now the record discloses that the reasons for his dismissal were twofold. First, on Saturday, September 11, 1965, which was just two days after Hurricane “Betsy” which caused great devastation along the coastal portions of this state, all employees of the Commission were on 24-hour duty. The facts disclose that on Saturday, September 11, 1965 at approximately 12:00 o’clock noon, the appellant left his duty station to go home for lunch, however he was instructed to return in about one hour. At about 3:00 o’clock p. m., he had not returned to his duty station, and was contacted on the radio to immediately return to duty, in response to which the appellant stated that he would be at the wharf in about 30 minutes. The record disclosed that he did not return to the wharf until about 4:45 p. m. on that Saturday afternoon, at which time he was in an intoxicated condition.
The other reason given for appellant’s dismissal from the Commission is the fact that he used the boat belonging to the Commission for a personal pleasure trip when, on one Saturday, he, his wife, his secretary, and a deck hand went on a fishing trip and did not return until the next day. The use of this boat for personal pleasure was against the rules and regulations of the Commission.
Hurricane “Betsy” was perhaps the worst natural disaster in the history of the coastal areas of the State of Louisiana. Besides loss of life, something over a half billion dollars in material and physical damage was sustained. Thousands of homes were destroyed and thousands of citizens had to be rescued from rooftops and other high places where they were left stranded. Because of the storm, power and communication failures were almost general. In many areas food,, clothing and shelter as well as water supplies were nonexistent. The Commission, with its men and equipment, were in a position to render aid and assistance, within its limited capacity, which it did do but at great sacrifice of the men and equipment of the department. The services of appellant were most important because he knew the area in which the devastation had occurred, and he knew the men working under him. We believe his absence which was directly contrary to 'orders, as well as his appearing on the job in an intoxicated condition at so important a time, were sufficient reasons for his dismissal. Certainly the appellant has failed to sustain his burden of proving the contrary.
With regard to the unauthorized use of the boat by appellant, contrary to the rules and regulations of the department, the appellant contends that he was on an inspection trip. Appellant further contends that other members of the department have used this boat for their personal pleasure, and they have not been dismissed because of such use. The deck hand on the boat when appellant took his alleged unauthorized fishing trip, testified that no inspection was made, that the trip was merely for pleasure. The fact that others may have used the boat against the rules and regulations of the department certainly is no justification for the action of appellant.
We find no error in the decision of the Civil Service Commission, and, for the reasons hereinabove assigned, the decision of the Civil Service Commission will be affirmed, all costs of this appeal shall be paid by appellant.
Judgment affirmed.