REDMANN, Judge.
Plaintiff appeals from the New Orleans Civil Service Commission’s upholding of her dismissal from city employment as a cook at the Youth Study Center.
Plaintiff’s contention is that the letter of dismissal did not satisfy the requirement of La.Const. art. 14, § 15 subd. (N) (1) that no covered employee be dismissed *560 ‘except for cause, expressed in writing by the appointing authority.” Because the same constitutional provision places the burden of proof on appeal upon the employee, plaintiff argues that the “cause, expressed in writing” must be sufficiently detailed to enable the employee to meet his burden of disproof.
We are unable to agree with appellant that the letter of dismissal was the equivalent of a non-informative charge of “unacceptable work record”. Three specific instances were cited in the letter, two of absence from work and one of absence from a staff meeting. These absences were admitted by plaintiff although she did provide evidence of the circumstances.
In one instance the home of plaintiff’s daughter had been burglarized (not while the daughter was present), and plaintiff was rendering some assistance to her daughter. In the second, plaintiff testified she did not actually receive the report-to-work notice left at her home the previous night; she had not been home although she had been told that a co-employee’s illness would require a schedule change and that she should keep herself available for notification of when to report on an off-day. In the third case, that of the staff meeting, she had scheduled a meeting with her younger daughter’s school principal.
It is basic that the discharge of an employee cannot be upheld on grounds not stated in the letter of termination. See Robbins v. New Orleans Public Library, 208 So.2d 25 (La.App.1968). Accordingly evidence that plaintiff was often tardy should not have been admitted in the context of this case.
We consider the question here to be whether the three specific instances recited in the letter of discharge constitute “cause” for discharge within Const, art. 14 § 15 subd. (N) (1). We are unable to hold they do not.
In our view the constitutional protection favors employees as to whom there exists no reasonable ground for discharge. It is not intended to hamstring the administrative officer charged with operating his department efficiently. We conclude the appointing authority’s exercise of judgment as to whether constitutional “cause” for discharge exists ought to be upheld whenever a reasonable man might consider the employee’s action as reasonable grounds for discharging an employee.
We are unable to say, as a matter of law, that the appointing authority acted unreasonably in treating the cited instances as cause for discharge.
We affirm the Commission’s upholding of plaintiff’s discharge.
Affirmed.