307 So.2d 118 (1974)
H. "Jerry" BENNETT and Geneva Vickers
v.
DIVISION OF ADMINISTRATION.
No. 10075.
Court of Appeal of Louisiana, First Circuit.
December 16, 1974.
Rehearings Denied February 10, 1975.
Writ Refused April 18, 1975.
*120 Alex W. Wall, Baton Rouge, for Jerry Bennett.
Nathan S. Fisher, Baton Rouge, for Geneva Vickers.
Phil E. Miley, Baton Rouge, for Division of Administration.
Before LANDRY, BLANCHE and NEHRBASS, JJ.
BLANCHE, Judge.
This is an appeal from the Civil Service Commission, State of Louisiana, Docket Nos. 1165 and 1166 (Consolidated), which sustained the dismissal of L. H. "Jerry" Bennett and Geneva Vickers, appellants herein.
In 1968 Geneva Vickers was executive assistant or confidential secretary to the Supervisor of State Buildings, L. H. "Jerry" Bennett. Neither appellant was a classified employee at that time. In 1971, both appellants resigned their respective positions, Mrs. Vickers to accept a classified position as co-ordinator of the State Centrex System and Mr. Bennett to become Assistant Superintendent of State Buildings, also a classified position.
Bennett's dismissal was by letter dated October 16, 1973, and signed by Joe A. Terrell, for Charles E. Roemer, II, Commissioner of Administration, to be effective at the close of business October 19, 1973. We will not consider Bennett's appeal on the merits as for reasons hereinafter expressed, we remand the matter to the Commission in order that they may consider whether the charges against him were made by the proper appointing authority.
Mrs. Vickers' termination came by letter dated October 22, 1973, and signed by H. Benny Turcan, for Charles E. Roemer, II, to be effective at the close of business October 22, 1973. The reasons given were:
". . . during the latter part of January, 1968, you received from `Hollywood Novelty Scales' its Check No. 148, dated January 3, 1968, in the amount of $7.95, payable to the order of `Cash' and endorsed `Mrs. James Vickers' and negotiated.
"During the latter part of June, 1968, you received from `Hollywood Novelty Scales' its Draft No. 258, in the amount of $11.00 payable to `Jenny Vickers' and endorsed `Jenny Vickers' by you and then negotiated.
"Our investigation has established that these two checks you received represented payment to you by `Hollywood Novelty Scales' of a portion or percentage of the receipts generated by certain vending machines owned (or under lease) to `Hollywood Novelty Scales' and positioned or situated upon State property pursuant to a lease agreement between the Division of Administration and `Hollywood Novelty Scales'.
"The wrongful conversation and misappropriation by you of funds to which the State was rightfully entitled is unconscionable, intolerable and cannot be condoned."
Prior to the dismissal of appellants each were given written notice of their suspension from State service pending an investigation of their conduct.
Bennett appealed to the Civil Service Commission from both the suspension and *121 dismissal. Mrs. Vickers appealed only from the dismissal. The appeals were consolidated for hearing, and both dismissals were sustained, however, Bennett was successful in his appeal of the suspension and that matter is not before this Court. Both parties appealed their dismissal to this Court. We have consolidated the appeals and will render separate judgments in each.
Bennett specifies as error on appeal the failure of the Commission to consider his "supplemental appeal" which put at issue whether the charges preferred against him were made by the proper appointing authority.
The Commission refused to consider the amendment for the following reasons as set forth in its decision:
"The Bennett appeal was lodged in October of 1973, well within the thirty-day period required by the Commission rules. In February of 1974 Bennett attempted to file an amended petition of appeal long after the thirty days had expired. That attempted amendment was not timely and cannot be taken into consideration under the consistent holdings of this Commission that appeals in their entirety must be submitted prior to the expiration of the thirty days provided in Rule 13.12."
Rule 13.12[1] provides that no appeal shall be effective unless a written notice complying with the requirements of Rule 13.11 is received in the office of the Director of Civil Service within thirty days after the date on which appellant received notice of the action on which the appeal is based. Rule 13.11[2] requires that a notice of appeal must contain a clear and concise statement of the actions complained against and a clear and concise statement of the basis for appeal.
It is obvious that the Commission strictly construed the above rules limiting the scope of the appeal to only clear and concise statement of the basis of the appeal as provided for by 13.11 and made within thirty days as provided for by 13.12.
There is no Commission rule specifically providing for or against the amendment of an appeal after an appeal is timely taken. Rule 13.11 simply provides for the proper type of notice of an appeal so as to adequately inform the appointing authority of the actions complained of and the reasons for the complaint. No penalty is provided therein for failure to strictly comply with its provisions; however, non-compliance with the Commission's rules for the taking of an appeal makes the appeal vulnerable to a motion for summary disposition of the appeal as provided for by Commission Rule 13.14.[3] But no objection was offered by *122 the Commission to the amendment as provided by the foregoing rule.
Bonnette v. Louisiana State Penitentiary, 148 So.2d 92 (La.App. 1st Cir. 1962) stands for the proposition that failure to comply with Rule 13.11 is waived in the absence of timely objection by the appointing authority. In construing Rules 13.11 and 13.14 of the Civil Service Rules, the Court stated:
"Our consideration of the rule in question leads to the conclusion that its obvious purpose and intent is to permit objection to certain irregularities and informalities of the notice of appeal prior the hearing thereon. Our appreciation of the hereinabove cited portion of Rule 13.14 providing for summary motion to dismiss an appeal on the ground that it was not filed in the manner or within the time prescribed by the Commission's rules, is that such motion must be filed within the ten day delay of docketing prescribed therein otherwise the objection is deemed to have been wavied. We note further that Rule 13.11 does not itself provide the penalty of dismissal for failure to comply with its terms. The rules, construed together, lead to the inescapable conclusion that failure of the appellant to comply with Rule 13.11 renders his appeal vulnerable to a motion to dismiss under Rule 13.14 but that dismissal must be moved for by the appointing authority within the time prescribed in Rule 13.14. Appellee herein having failed to timely move for dismissal of the instant appeals is deemed to have waived the objections on which said motion to motion to dismiss is predicated. Accordingly, the ruling of the Commission sustaining appellee's motion to dismiss these appeals is hereby reversed, annulled and set aside and appellee's said motion to dismiss denied and rejected."
We agree with counsel for appellant in his observation that the intent of the law is to seek the truth without regard to technicalities which if implemented, might so limit the record as to do a disservice to justice.
In Smith v. Board of Commissioners of Port of New Orleans, 262 La. 96, 262 So. 2d 383 (1972), Justice Sanders supports the foregoing observation by the following language:
"In Emmons v. Agricultural Ins. Co., 245 La. 411, 158 So.2d 594 (1963), we held:
`Appeals are favored and aided by the Courts.
. . . `The law is too well settled to require the citation of authority *123 that appeals are favored in the law, must be maintained wherever possible and will not be dismissed for technicalities.'
"Although the appeal in that case was to an appellate court, the principle is equally applicable to an appeal to the State Civil Service Commission. Appellate review is a safeguard of justice and should be denied only for the most compelling reasons."
In this case it is peculiarly important that Bennett's "amended appeal" included an express Request for Summary Disposition of the appeal on the ground that the disciplinary action in question had not been taken by the proper appointing authority, a ground not theretofore presented. A motion or Request for Summary Disposition of appeal is expressly provided for by Commission Rule 13.14. In essence Rule 13.14 provides that at any time after docketing of an appeal, any interested party may move for Summary Disposition of the appeal on enumerated grounds including the claim that the disciplinary action was not taken by the proper appointing authority. The rule also recites that the adverse party shall have five days after service on the adverse party in which to oppose a motion or request for Summary Disposition.
Bennett, while amending his appeal, also made the amendment the basis for his Motion for Summary Disposition and, therefore, subject to Rule 13.14 above.
The grounds for Summary Disposition recited in Rule 13.14, above, except (a) 3 and 5, which concern procedural remissions by the employee, are in the nature of peremptory exceptions which address themselves to basic principles unrelated to the merits of a disciplinary action against an employee. Each deals with a basic right or contention which, if substantiated, requires dismissal of an appeal on legal and/or equitable ground which obviate a determination of the merits.
The Commission's refusal to consider appellant's allegation in appellant's "supplemental appeal" and Request for Summary Disposition on the ground that the disciplinary action was not taken by the proper appointing authority, is crucial to the appeal because any dismissal of Bennett by other than the proper appointing authority would have to be set aside. It is settled law that the requirement that the discharge must come from the appointing authority is to be strictly construed. Miller v. State Department of Health, 135 So. 2d 570 (La.App. 3rd Cir. 1961). Tassin v. Louisiana Wildlife and Fisheries Commission, 193 So.2d 812 (La.App. 1st Cir. 1967).
For the above reasons, we remand the appeal of L. H. "Jerry" Bennett for the Commission to consider his complaint that the disciplinary action was not taken by the proper appointing authority.
Concerning the Vickers appeal, her first specification of error is that the Commission failed to rule on her Motion for Summary Disposition. Rule 13.14(c), above, allows the Commission to refer a Motion to the merits of the case and is therefore not required to rule upon each Motion where it feels questions of fact are in dispute, Harmon v. Louisiana Wildlife and Fisheries Commission, 244 So.2d 922 (La.App. 1st Cir. 1970). As we view the Commission's decision, all matters made an issue in the Motion for Summary Disposition were disposed of by the Commission when the appeal was heard on its merits.
Appellant's second contention is that the Commission erred by holding it was of no moment that there was no lease agreement between the Division of Administration and Hollywood as was alleged in the letter of dismissal. In effect, she argues that the State must prove the cause for dismissal exactly as it appears in the letter of dismissal, and therefore whether a lease existed between the Division and *124 Hollywood is a crucial fact that must be proven to uphold appellant's dismissal. Additionally, in conjunction with the foregoing premise, appellant argues that the State is precluded from enlarging the scope of the dismissal by introducing evidence other than that which is necessary to prove the allegations of the dismissal letter, i. e., the existence of the lease agreement. As authority she cites Robbins v. New Orleans Public Library, 208 So.2d 25 (La.App. 4th Cir. 1968), and Morrell v. Department of Welfare, 266 So.2d 559 (La. App. 4th Cir. 1972). In Robbins, the Court felt the policy for requiring detailed reasons for the action was that without such, the employee would have little chance on appeal to carry the burden of proof which is required by Rule 13.19(c).[4] In Morrell the Court stated the discharge of an employee cannot be upheld on grounds not stated in the letter of termination. Appellant would have this Court single out the phrase "pursuant to a lease agreement between the Division of Administration and Hollywood Novelty Scales" from the entire two-page letter of dismissal and because that phrase was not proven to its literal wording, overturn the Commission's ruling. We do not think that was the intent of the Courts in Robbins and Morrell. We agree that the dismissal letter must state the grounds upon which the dismissal was predicated. We also agree the reasons given therein must be specific so as to allow the employee to properly prepare his defenses and rebuttals. However, we think the notice must stand or fall on the question of its sufficiency when read in its entirety, and we find the notice here to be fully sufficient. The fair import of the notice is expressed by the last paragraph of the hereinabove quoted portions of her dismissal letter, i. e., the appellant wrongfully appropriated State funds to her own use, and such action cannot be condoned. It also specified that the funds so misappropriated came from Hollywood Novelty Scales, and represented a portion of the receipts generated by certain vending machines which were placed on State property as the result of a lease with the Department of Administration. In our opinion, such notice adequately appraised appellant of the charges, and the import of those charges was that she wrongfully accepted money which belonged to the State of Louisiana because such was produced by vending machines placed in State buildings. It is of no moment that proof finally showed that the money so misappropriated came from a "lease" made by her co-conspirator rather than the Division of Administration as alleged in the notice.
Appellant's third contention that the Commission erred in finding as a fact that she converted State funds to her own use must likewise fail, because the findings of fact by the Commission are binding upon this Court. Biggio v. Department of Safety and Permits, 299 So.2d 504 (La. App. 4th Cir. 1974).
Appellant's fourth contention is that since the actions complained of occurred prior to her entering classified service, the Civil Service Rules do not apply. Rule 7.5(a)6[5] allows rejection of an employment application based upon conduct similar to that of which the appellant was adjudged guilty. If the Rules permit rejection of an application of employment for prior misconduct, then by the same reasoning, dismissal should also lie for that same misconduct which only comes to light subsequent to employment as in the instant case. Were we to adopt appellant's argument, *125 we would in effect grant immunity to an employee from any action by the Commission for any conduct, no matter the extent of moral turpitude involved, committed by such employee before he became classified. This would place a serious limitation upon the powers of the State in regard to the fitness of Civil Service employees.
Finally Appellant contends her dismissal was not justified because the Commission gave no reasons establishing a relationship between the action complained of and her job efficiency, relying upon Brickman v. New Orleans Aviation Board, 236 La. 143, 107 So.2d 422 (1958). Brickman was overruled in Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (1962), and the rule was announced that if there is any evidence before the Commission from which a conclusion can be drawn that the employee's conduct is prejudicial to the Service, the Commission's ruling will not be disturbed. The Commission found "Since the accusation does involve moral turpitude, the revelation of the prior conduct does reflect on the integrity of the employee and his or her continued service in State employment would likewise be a reflection on the integrity of the State Service." The Commission's conclusion will not be questioned as we find evidence in the record to support it.
It is ordered, adjudged and decreed that the ruling of the Commission rendered in Number 1165 on the docket of the State Civil Service Commission, State of Louisiana, entitled In Re Appeal of L. H. "Jerry" Bennett, confirming Bennett's discharge from the position of Assistant Superintendent, State Buildings and Grounds, be and the same is hereby reversed and set aside, and this matter remanded to the said Civil Service Commission for further proceedings consistent with the views herein expressed; assessment of costs of this appeal to await final disposition of this matter.
Reversed and remanded.
BLANCHE, J.
For the reasons set forth herein in considering the appeal of Appellant L. H. "Jerry" Bennett, Number 1165 on the docket of the Civil Service Commission, with which the appeal of Geneva Vickers, Number 1166 on the Docket of the Civil Service Commission, has been consolidated for appeal, the judgment of the Civil Service Commission in the appeal of Geneva Vickers in docket Number 1166 of the Civil Service Commission is affirmed at appellant's cost.
Number 1166 on the Commission's docket is affirmed.
NOTES
[1] Rule 13.12 provides in part:

"(a) No appeal shall be effective unless a written notice complying with the requirements of Rule 13.11 is received in the office of the Director in the Department of State Civil Service at Baton Rouge, Louisiana.
1. Within thirty (30) calendar days after the date on which appellant received written notice of the action on which the appeal is based when written notice before or after the action is required by these Rules."
[2] Rule 13.11 provides in part:

"A notice of appeal must
(d) Contain a clear and concise statement of the actions complained against and a clear and concise statement of the basis of the appeal."
[3] Rule 13.14 Summary Disposition of Appeal.

(a) At any time after the docketing of an appeal a written request may be filed by any interested party for summary disposition thereof on any of the following grounds:
1. That the Commission lacks jurisdiction of the subject matter, or of the person against whom relief is sought.
2. That the appellant has no legal right to appeal.
3. That the appeal has not been made in the required manner or within the prescribed period of delay.
4. That the appeal has become moot.
5. That an appellant has failed to appear at the time fixed for the hearing of his appeal, without having been granted a continuance.
6. That the writte nnotice expressing the cause for the action complained against is insufficient; or, that the cause as expressed does not constitute legal ground for the disciplinary action.
7. That the disciplinary action was not taken by the proper appointing authority.
(b) Any request for summary disposition when made prior to the date fixed for the hearing of the appeal may be supported by admissions of fact and written argument or brief; provided that
1. Before filing, the Director shall require proof of service of a copy of each such instrument on the adverse party, together with the date of such service; and
2. The adverse party shall have five (5) calendar days after such service to file with the Director an opposition to the request which opposition may be supported by written argument or brief.
(c) If the Commission denies the request or refers it to the merits, it may reconsider same at any time prior to its final disposition of the appeal.
(d) The Commission, on its own motion, may at any time summarily dispose of an appeal on any of the grounds listed in Subsection (a) hereof or in accordance with the provisions of Rule 13.19(e).
(e) When the Commission disposes summarily of an appeal, its decision shall be final on the date it files its written decision with the Director disposing of the case. The Director thereafter shall give the interested parties notice of the decision.
(f) By filing with the Director a written notice of his intention to do so, an appellant may withdraw or abandon his appeal at any time prior to the hearing thereof by the Commission if his request is approved by the Director. After an appeal has been heard by the Commission, it may be withdrawn or abandoned only with the approval of the Commission. The Director shall promptly notify all interested parties of any such withdrawal or abandonment.
[4] Rule 13.19(c) provides:

"(c) The burden of proof as to the facts shall be on the appellant in every appeal, and he shall be required to open the case."
[5] Rule 7.5(a)6 provides:

"(a) The Director may reject the application of any person for admission to examination or refuse to examine any applicant.
6. Has been adjudged guilty by a court of competent jurisdiction of a crime involving moral turpitude; or"