PONDER, Judge.
When this case was before this court previously, it was remanded to the Civil Service Commission so that it might consider whether the charges against appellant had been made by the proper appointing authority. Bennett v. Division of Administration, La.App., 307 So.2d 118. After receiving more evidence, the commission rendered an opinion, the pertinent portion reading:
“Executive orders Nos. 40 and 41 make it clear that the Governor delegated to his Executive Assistant, Charles E. Roe-mer, II, supervisory authority over the division of the Executive Department known as “State Building and Grounds.” Such supervisory authority was in no way limited or restricted in those orders, and it necessarily includes the right to hire, fire, or otherwise to discipline personnel employed in that Division.
“Testimony of Charles E. Roemer, II and of Joe A. Terrell make it abundantly clear that Roemer had, in turn, delegated to Terrell the authority to manage that division. Testimony of Mercy Cambre, the Personnel officer of the division, was clear that she had been informed by Roemer that such authority had been delegated to Terrell, and she confirmed that Terrell has exercised that authority in personnel actions.
“The conclusion is inescapable that the disciplinary action taken against this appellant by Joe A. Terrell was taken by one duly authorized to do so, and the ‘Supplemental Appeal’ is denied.”
Plaintiff L. H. “Jerry” Bennett has timely appealed. Under the authority of R.S. 13:3417 the Department of Civil *553 Service has intervened, asking that the decision of the Civil Service Commission be reversed.
The requirement that the discharge come from the appointing authority is to be strictly construed. Bennett v. Division of Administration, supra; Miller v. State Department of Health, La.App., 135 So.2d 570; Tassin v. Louisiana Wildlife and Fisheries Commission, La.App., 193 So.2d 812.
R.S. 49:141 reads as follows:
“There is created the Division of State Buildings in the office of the governor which shall be administered by a superintendent of state buildings appointed by the governor. The superintendent of state buildings shall have charge of the management, operation and maintenance of general public buildings of the state, including the governor’s mansion.”
The preponderance of the evidence presented is that both before and after appellant’s discharge, all discharges have been made by the Superintendent of State Buildings and Grounds. One witness agreed that appellant’s discharge was “unique.”
In Pelletier v. Executive Department, La.App., 331 So.2d 72 and Caston v. Executive Department, La.App., 331 So.2d 864, this court has held that the Superintendent was the proper appointing authority in March of 1975.[1]
We must look then for some salient point justifying the conclusion that Mr. Terrell was the appointing authority when Mr. Bennett was discharged in October, 1973.
The commission and appellee depend upon Executive Orders Nos. 40 and 41. These read as follows:
EXECUTIVE ORDER NO. 40
“WHEREAS, Executive Order No. 28 required all contracts for services purchased by agencies of the State of Louisiana to be reviewed and approved by the Division of Administration, and
WHEREAS, the opportunity avails itself to effect a sizable savings for the State of Louisiana through the review and approval process, and
WHEREAS, the Division of Administration is the primary purchasing agent for the State and indeed enters into numerous contractual arrangements itself, and
WHEREAS, the creation of a check and balance procedure is most desirable;
NOW, THEREFORE, I, EDWIN EDWARDS, GOVERNOR OF LOUISIANA, do hereby direct the creation of a principal department within the Executive Department, Office of the Governor, to be known as the Department of Contractual Review with the Director of said department to be appointed by the Governor.
FURTHERMORE, I direct that the State Bond and Building Commission be established as a principal department in the Executive Department, Office of the Governor. The Director of which will be appointed by the Governor.
AND FURTHER, the Directors of the Department of Contractual Review and the State Bond and Building Commission and the Division of State Buildings and Grounds will report directly to a staff member of my office, who will be designated by me on July 1, 1973.”
EXECUTIVE ORDER NO. 41
“WHEREAS, Executive Order No. 40 requires that I designate a member of *554 my staff as the reporting authority for the Directors of the following principal departments of the Executive Department, Office of the Governor.
1. Department of Contractual Review
2. State Bond and Building Commission
3. State Buildings and Grounds
NOW, THEREFORE, I, EDWIN EDWARDS, GOVERNOR OF LOUISIANA, do hereby direct that the Directors of the above Departments report directly to my Executive Assistant, Charles E. Roemer, II, effective July 1, 1973.”
We cannot agree with the Commission or the appellant that this constituted a change of the appointing authority of the Division of State Buildings and Grounds. The references in Executive Order 40 to Executive Order 28, to the capacity of the Division of Administration as the primary purchasing agent for the State and to the creation of a Department of Contractual Review lead us to the view that what was contemplated was a supervision of purchasing and the letting of contracts. We agree with the testimony of Mr. Terrell, Administrative Assistant to Mr. Roemer, when he said that what was contemplated was letting them know what was going on, a sort of “overview.” There is certainly nothing in the Executive Orders leading to the conclusion that it was intended that the Superintendent of State Buildings and Grounds could no longer employ and discharge as he had been doing, and as he has been doing since Mr. Bennett’s discharge. Executive Order No. 40 contains the words that the “Director” of the “Division of State Buildings and Grounds will report to a staff member of my office,” and Executive Order No. 41 nominates the Governor’s Executive Assistant as that staff member. It is a long stretch from “reporting to” to complete control, including hiring and firing.
Because of this conclusion we need not consider the serious point raised by the in-tervenor that the Governor did not have the power to take from the Superintendent his appointing power. Certainly, such a position would have serious effect upon the state Civil Service system.
Also, because of this conclusion, it is not necessary to discuss the specification of error raised in the first appeal.
For these reasons the decision of the Civil Service Commission is reversed. It is ordered that appellant, L. H. “Jerry” Bennett, be reinstated as Assistant Superintendent of State Buildings and Grounds together with full restoration of all rights and privileges.
REVERSED.

. The effect of Executive Orders 40 and 41 was not an issue in these cases because Mr. Terrell admitted that his authority, if any, as appointing authority had been returned to tbe Superintendent of State Buildings and Grounds prior to January 1, 1975, some three months before Pelletier and Caston were discharged.