448 So.2d 230 (1984)
Margie DuBOIS
v.
DEPARTMENT OF HEALTH AND HUMAN RESOURCES, Belle Chasse State School.
No. 83 CA 0609.
Court of Appeal of Louisiana, First Circuit.
April 3, 1984.
Joel P. Loeffelholz, Jacob, Loeffelholz & Trestman, New Orleans, for appellant.
Joanne Henig, Staff Atty., Dept. of Health & Human Resources, Baton Rouge, for appellee.
Robert R. Boland, Jr., Civil Service Legal Counsel, Dept. of State Civil Service, Baton Rouge, for Herbert L. Sumrall.
Before PONDER, WATKINS and CARTER, JJ.
CARTER, Judge.
This is an appeal from the Civil Service Commission, State of Louisiana, Docket No. 2768, which sustained the dismissal of Margie DuBois, appellant herein.
*231 In August of 1980, Margie DuBois, an eighteen year Civil Service employee with the State of Louisiana, went to work as an Executive Assistant I at the Belle Chasse State School. On February 27, 1981, DuBois received a letter of termination, signed by Gene I. Barrow, MR Facility Administrator III, to be effective at the close of her shift at 4:30 p.m. on Friday, February 27, 1981. The reasons for dismissal were (1) excessive tardiness and (2) failure to comply with and follow a supervisory plan.
Appellant appealed her termination to the Civil Service Commission, stressing numerous deficiencies in the procedure and the merit of the action taken against her. Following the hearing, the Commission upheld appellant's termination. From this ruling, appellant appeals.
Although appellant has assigned fourteen assignments of error, we will first address appellant's allegation that the disciplinary action was not taken by the proper appointing authority. This issue is crucial to the appeal because any dismissal of DuBois by someone other than the proper appointing authority would have to be set aside.
The requirement that the discharge came from the appointing authority is to be strictly construed. Bennett v. Executive Dept., Div. of State Bldgs., 334 So.2d 551 (La.App. 1st Cir.1976); Bennett v. Division of Administration, 307 So.2d 118 (La.App. 1st Cir.1974), writ refused 310 So.2d 841 (La.1975); Tassin v. Louisiana Wildlife and Fisheries Com'n, 193 So.2d 812 (La. App. 1st Cir.1966), writ refused, 250 La. 371, 195 So.2d 645 (1967); Miller v. State Department of Health, 135 So.2d 570 (La. App. 1st Cir.1961).
Rule 1.4 of the Civil Service Rules defines "appointing authority" as "the agency, department, board, or commission, and the officers and employers thereof authorized by statute or by lawfully delegated authority to make appointments to positions in the State Service."
LSA-R.S. 36:251 et seq. address the executive organization of the Department of Health & Human Resources (DHHR). One of the departments within DHHR is the Office of Mental Retardation. LSA-R.S. 36:258(I). With respect to the statutory authority granted to each office within DHHR, LSA-R.S. 36:257 provides:
"§ 257. Assistant secretaries
A. Each office within the Department of Health and Human Resources, except the office of management and finance, shall be under the immediate supervision and direction of an assistant secretary, who shall be appointed by the governor with consent of the Senate. Each shall serve at the pleasure of the governor and shall be paid a salary which shall be fixed by the governor, which salary shall not exceed the amount approved for such position by the legislature while in session.
B. Except as otherwise expressly provided in this Title, the duties and functions of each office and its assistant secretary shall be determined by the secretary, and all of such duties and functions shall be exercised under the direct supervision and control of the secretary.
C. Except as otherwise provided in R.S. 36:801, each assistant secretary shall employ, appoint, remove, assign, and promote such personnel as is necessary for the efficient administration of his office and its programs and the performance of its powers, duties, functions, and responsibilities, in accordance with applicable civil service laws, rules, and regulations, and with policies and rules of the department, all subject to budgetary control and applicable laws.
D. Each assistant secretary shall exercise all powers and authority granted to him in this Title subject to the overall direction and control of the secretary."[1]
*232 Clearly, by statute, the assistant secretary for each office within DHHR is the appointing authority.
Statutory grant of authority, however, is not the sole source of power for an appointing authority. The Civil Service Rules contemplate a delegation of authority. Civil Service Rule 1.4. "Authentic acts delegating appointing authority or certified copies thereof may be offered into evidence without further proof and shall be accepted as prima facie proof of the recitals contained therein." Civil Service Rule 13.19(t).
In the instant case, there is no allegation that Gene I. Barrow is an assistant secretary, nor is there any proof to that effect. Furthermore, the only evidence introduced before the Commission to establish a delegation of authority from the statutory appointing authority to Mr. Barrow is Rule Book Directive No. Supt. 52-R-1-4-80. This directive was issued by Mr. Barrow and indicates that facility policy allows the named personnel (including himself) to execute disciplinary action. We find that this directive falls short of establishing a delegation of authority by the appointing authority to Mr. Barrow.
In all correspondence in the record, Mr. Barrow and others refer to his title as MR Facility Administrator III. Barrow signed Ms. DuBois's letter of termination as MR Facility Administrator III. However, when Barrow issued the directive, he referred to himself as "Superintendent."
We find nothing in the record to indicate that Barrow was ever named superintendent, and Barrow was not called to testify before the Commission to verify such.
DHHR, however, strenuously contends that Barrow is the appointing authority and that appellee stipulated to the introduction of the directive. DHHR maintains that it did not pursue the matter of establishing that Mr. Barrow was the appointing authority because counsel for the department understood that to be a stipulated fact.
Although counsel for plaintiff stipulated to the authenticity of the rule book directive, we do not believe that plaintiff stipulated that Mr. Barrow was the appointing authority. Furthermore, the Civil Service Commission ruled on the issue, which would have been unnecessary if such had been a stipulated fact.
However, it is obvious that confusion existed at the hearing before the Commission concerning the necessity of establishing the identity of the proper appointing authority. Therefore, in the interest of justice, we remand the case to the Civil Service Commission to allow DHHR the opportunity to present additional evidence in this regard.
Also, because of this contention, it is not necessary to discuss appellant's remaining assignments of error.
For these reasons, the case is remanded for action consistent with this opinion. The Department of Health and Human Resources is assessed costs of this appeal in the amount of $50.00.
REMANDED.
NOTES
[1] LSA-R.S. 36:801 contains no exceptions applicable to the Department of Health and Human Resources.