WATKINS, Judge.
Plaintiff, Albert S. Pellitteri, appeals the October 9, 1992 ruling of the Louisiana Civil Service Commission (Commission) that affirmed plaintiffs suspension and termination from his employment with the Orleans Levee District Board (Board) as a Levee Board Police Officer II. Finding that the notices of the disciplinary actions were not signed by plaintiffs appointing authority, we reverse.
Officer Pellitteri was suspended verbally on December 7, 1990, following an unprovoked attack upon him while he was on duty. During the attack Officer Pellitteri discharged his weapon. When fellow officers took him to the hospital for medical examination, Officer Pellitteri allegedly refused to obey a direct order to submit to a blood test.[2]
*616 The officer’s verbal suspension was confirmed by a written notice to him dated December 10,1990, and signed by Cynthia O. Taylor, Human Resource Administrator, Board of Commissioners of the Orleans Levee District. By a second notice signed by Ms. Taylor and dated January 11, 1991, Officer Pellitteri was informed of his termination effective January 18, 1991.
Challenging the disciplinary actions taken against him, plaintiff took his case through the proper civil service channels. Eventually, on October 9, 1992, the Commission issued a final ruling in favor of the Board on both the suspension and the termination. Plaintiff appeals the 1992 ruling of the Commission.
Pretermitting discussion of the merits of the disciplinary actions taken against plaintiff, we turn our attention to the procedural safeguards afforded civil servants by state statutes and regulations.
It is well established that disciplinary action must be taken by the proper appointing authority or it is null and must be set aside. Board of Comm’rs v. Livingston, 546 So.2d 259 (La.App. 1st Cir.1989); DuBois v. Department of Health and Human Resources, 448 So.2d 230 (La.App. 1st Cir.1984). The requirement that the discharge come from the appointing authority is to be strictly construed. Bennett v. Executive Dept., Div. of State Bldgs., 334 So.2d 551 (La.App. 1st Cir.1976).
Rule 1.4 of the Civil Service Rules defines “appointing authority” as “the agency, department, board, or commission, and the officers and employees thereof authorized by statute or by lawfully delegated authority to make appointments to positions in the State Service.” Rule 1.5 provides that “appointment” means “an offer by an appointing authority to a qualified person of employment in a classified position and the acceptance of such offer.”
The pertinent statutory authority for the Board is LSA-R.S. 38:326 A, which provides in part:
Any levee district ... may, at the discretion of its board of commissioners, employ one or more persons as levee district ... police officers.... Each such person named as a police officer by the president of the levee district ... shall be commissioned as a peace officer by the Department of Public Safety and Corrections. Such commission shall remain in force and effect at the pleasure of the president of the levee district ... and the Department of Public Safety and Corrections subject to applicable civil service regulations.
Furthermore, Article V of the Board’s bylaws delegates the power of the appointing authority to the President of the Board, while reserving to the Board as a whole the appointing authority for all executive employees ranked higher than a department head.
Pursuant to the above, the appointing authority for the Board is the president of the Board. At all times pertinent to this litigation, Steven 0. Medo served as president of the Board.
On March 16,1988, by a document entitled “Authorization to Act as Appointing Authority,” President Medo delegated his authority to H. Baylor Lansden, Orleans Levee Board Managing Director. The “Authorization” included the following pertinent language:
I, Steven O. Medo, Jr., President of the Board ... and duly authorized Appointing Authority ... hereby delegate to you, Mr. H. Baylor Lansden, Orleans Levee Board Managing Director, the authority to serve as the Appointing Authority for the Orleans Levee Board.
The functions of the Appointing Authority shall encompass those activities affecting staff which you deem necessary for the efficient and orderly functioning of the agency, subject, of course, to the applicable provisions of the Louisiana Constitution pertaining to the Civil Service status of classified personnel, ...
These functions shall include, but shall not be limited to, making appointments to positions; reprimanding, suspending from duty without pay, , or utilizing other disciplinary methods; terminating employment for *617 cause or for other reasons; determining job assignments, work schedules and overtime requirements; approving leave requests or enforcing leave; hearing and disposing of grievances; and, providing guidance and review over such programs as job evaluations; recruitment; promotions, career development, and training; position classification; safety and employment conditions; employer/employee relations; and, records management and security.
This delegation of the Appointing Authority functions shall also include the authorization for you to designate a Personnel Director to act under your direction, to initiate, sign and maintain personnel documents and records of personnel transactions affect[i]ng employees of the agency; to assist you in the research, development, monitoring, coordination, and implementation of personnel services, programs, and policies; and to serve ¿s the agency’s representative on personnel and related matters.
In the instant proceedings, it is the Board’s position that the appointing authority was “re-delegated” from Mr. Lansden to Ms. Taylor, the person who signed the notices to plaintiff. In support of its contention, the Board offered into evidence a document dated May BO, 1989, and entitled “Authorization to Act as Acting Personnel Director.” The document reads, in pertinent part:
I, H.B. Lansden, Orleans Levee Board Director and duly delegated the functions of the Appointing Authority for the Orleans Levee Board ... do hereby authorize you to act, under my direction, as the agency’s Acting Personnel Director.
These functions shall encompass those activities affecting staff which are deemed necessary for the orderly functioning of the agency, subject, of course, to the applicable provisions of the Louisiana constitution pertaining to the Civil Service status of classified personnel with the exception that, all personnel transactions affecting department heads and division directors shall be forwarded to me for authorization.
These delegated functions shall include, but shall not necessarily be limited to initiating, processing, signing, maintaining, and securing personnel documents and records of personnel transactions affecting employees of the agency; assisting me as necessary in researching, developing, coordinating, monitoring, and implementing personnel services, programs and policies; and serving as the agency’s representative on personnel and related matters.
The Commission interpreted the documents as proof that the appointing authority for the Board was effectively and intentionally re-delegated to Ms. Taylor. We disagree. We are satisfied that the appointing authority was delegated by the president to the managing director. If the managing director, in turn, desired to delegate the appointing authority, why did he not use language identical to that used by the president to make the delegation? Instead, the communication from the managing director to the “Human Resource Program Manager” falls short of delegating to her the appointing authority for the Board. There is no language in the document that would indicate that Ms. Taylor could make “an offer ... to a qualified person of employment in a classified position” as provided in Rule 1.5.
On appeal the Board argues that the oral testimony of Mr. Medo, Mr. Lansden, and Ms. Taylor was sufficient evidence to establish a valid authority in Ms. Taylor for her to have acted as the appointing authority in signing the notices to plaintiff of the disciplinary actions. The Board cites Toms v. Department of Health and Human Resources, 349 So.2d 941 (La.App. 1st Cir), unit denied, 351 So.2d 162 (La.1977). However, that case is inapposite here. In Toms, the signature of the appropriate appointing authority was affixed to the notices; the appellant merely argued that the signature was not written personally, but was affixed by an agent. This court held that the evidence established authority in the agent to affix the signature of the appropriate appointing authority. In the instant case, it is undisputed that Ms. Taylor’s signature, not that of Mr. Lansden or Mr. Medo, is affixed to the notices.
*618 Accordingly, we conclude that the appropriate appointing authority did not provide plaintiff with notices of his suspension and termination. We reverse the ruling of the Commission, we vacate the suspension and the termination of plaintiff, and we order that plaintiff be reinstated to his position as Levee Board Police Officer II with back pay.
REVERSED AND RENDERED.
SHORTESS, J., assigns additional reasons.

. Mr. Pellitteri argues that he was ordered to take a “blood test," but was never ordered to take a "drug test." The Board does not dispute the blood test was ordered for the purpose of *616 testing for drugs and contends Mr. Pellitteri "must have been aware” of this.