Dear Mr. Duhon:
Your request for an opinion of the Attorney General was forwarded to me for research and reply. As I appreciate it, you would like these areas addresses?
 (A) "May the Board of Commissioners hear appeals from employee dismissals or suspensions when a hearing has been conducted by the Administrator on the issue of dismissal or suspension?"
 (B) "May the Board of Commissioners delegate to the Director of the Hospital responsibility for hearings on employee dismissals?"
Louisiana Revised Statute 46:1055 defines the powers and duties of the board. In pertinent part it states:
 (A) In addition to the duties defined elsewhere in this chapter, the commission shall have the duty and authority:
 (4) To conduct hearings and pass upon complaints by or against any officer or employee of the district.
 (5) To review and modify, or set aside any action of the officers or employees of the district which the commission may determine to be desirable or necessary in the public interest. (emphasis added)
Under this article the board is given the duty and power of review over employee dismissals (A. 4) and, with logical interpretation of (A. 5), the duty to review such actions of its lower officials.
Under § 1056, the board is directed to appoint a hospital director who is experienced in the field of hospital management. Section 1057 states:
§ 1057 Duties of director
 In addition to the duties imposed on him by other provisions of this chapter, it shall be the duty of the director:
 (2) With the consent of the commissioners, and subject to such bugetary [budgetary] limitations and any civil service laws in effect, the director shall have the power to establish positions and make appointments thereto; to establish rates of pay; to abolish positions; to assign duties to, direct and control the work of, and transfer, promote, demote, remove and otherwise change the status of employees of the district. (emphasis added)
 (9) To control and direct all business affairs of the district. (remainder not relevant)
Through this device it is possible for the board to delegate its duties with regard to employee dismissals to the director.
Title 49 of the Louisiana Revised Statutes sets out the Administrative Procedure Act (APA). Section 951 defines agency as:
 (2) "agency" means each state board, commission, department, agency, officer, or other entity which makes rules, regulations, or policy, or formulates, or issues decisions or orders pursuant to, or as directed by, or in implementation of the constitution or laws of the United States or the constitution and statutes of Louisiana, except the legislature or any branch, committee or officer thereof, any political subdivision, as defined in Article VI, section 44 or the Louisiana Constitution, and any board, commission, department, agency, officer, or other entity thereof, and the courts.
(emphasis added)
The Department of Health and Human Resources (DHHR) is an agency and subject to the APA under this definition and therefore the commission, as a part of DHHR, is also included. The APA sets out guidelines for rehearings and appeals of agency decisions. Applicable sections are:
§ 959 Rehearings
 A. A decision or order in a case of adjudication shall be subject to rehearing, reopening, or reconsideration by the agency, within ten days from the date of its entry. The grounds for such action shall be either that:
 (1) The decision or order is clearly contrary to the law and the evidence;
 (2) The party has discovered since the hearing evidence important to the issues which he could not have with due diligence obtained before or during the hearing;
 (3) There is a showing that issues not previously considered ought to be examined in order properly to dispose of the matter; or
 (4) There is other good ground for further consideration of the issues and the evidence in the public interest.
§ 964 Judicial review of adjudication
 A. A person who is aggrieved by a final decision or order in an adjudication proceeding is entitled to judicial review under this Chapter whether or not he has applied to the agency for rehearing . . .
 C. The filing of the petition does not itself stay enforcement of the agency decision. The agency may grant, or the reviewing court may order, a stay upon appropriate terms.
In DuBois v. Department of Health and Human Resources,448 So.2d 230 (La.App. 1st Cir. 1984), the court stated that the dismissal of a civil service employee is only effective when done by the proper appointing authority. R.S. 46:1057(2) allows for the establishment of the hospital director as the appointing authority within his district. As such, the director can be considered final arbiter with regard to employee dismissal. Should an ex-employee wish to further his appeal beyond the director, provisions for judicial review are made in R.S. 49:964.
I hope that this has sufficiently answered your questions. If you require any further information, please do not hesitate to call on this office.
Respectfully submitted,
 RICHARD P. IEYOUB Attorney General
 _________________________ ROLAND J. DARTEZ Assistant Attorney General
RPI/RJD/pb/02221