REDMANN, Chief Judge.
A classified employee appeals from a decision of the New Orleans civil service commission that reversed his dismissal but ordered him suspended without pay from the date of the reversed dismissal until the date of the commission’s decision. The employee seeks reversal of the suspension without pay or reduction of its period to 120 days, the maximum that an appointing authority could have imposed under commission rules. The employer by answer to the appeal seeks restoration of the dismissal. We affirm.
We have denied plaintiff’s motion to dismiss the answer to the appeal as untimely. The answer was filed within 15 days, La.C.C.P. 2133, of the lodging of the transcript portion of the record and is therefore timely; Deutsch, Kerrigan & Stiles v. Rault, 389 So.2d 1373 (La.App. 4 Cir.1980), writ refused 396 So.2d 883 (La.1981).
 We now reject that answer’s argument that we should reinstate the firing of the employee. We might ourselves have upheld the firing, and we could easily have affirmed the commission had it done so. But the judgment of the commission was that the proven incidents were not so grave as to constitute cause sufficient for dismissal. This case is therefore different from Branighan v. Department of Police, 362 So.2d 1221 (La.App. 4 Cir.1978), where the commission conceded that cause to fire did exist. Branighan ruled that when sufficient cause does exist, it is the appointing authority (the employer) and not the commission that has the discretion to fire or not. But the courts must also recognize that the commission has the duty and therefore the inescapably necessary discretion to decide whether cause is sufficient to justify firing. “In judging the commission’s exercise of its discretion in determining whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, the court should not modify the commission’s order unless it is arbitrary, capricious or characterized by abuse of discretion.” Walters v. Department of Police, 454 So.2d 106, 114 (La.1984). We cannot so describe the commission’s action in this case.
The commission did agree that the employee was at fault in two incidents of some seriousness. First, the employee (an institutional counselor) let two boys just admitted to an institution sleep rather than have their baths, call their parents, etc., as departmental rules require. The commission deemed this an “error of judgment” but not “serious enough for termination.” Second, the employee was insubordinate in insisting on talking with two boys about a head-knocking incident while an investigation was still underway. Here, too, the commission thought the insubordination not serious enough to warrant firing because by the time it occurred the supervisor had already interviewed the boys individually and therefore the employee’s talking to the boys could not produce the serious interference with the investigation (affecting the boys’ stories) intended to be avoided by the order not to do so.
The commission found the relationship between the employee and his superintendent very strained. Noting that the employee must obey his superior, the commission nevertheless concluded that the employee’s other violations (e.g., tardiness, missing meetings) did not, when added to the two more serious incidents, warrant termination.
We cannot say that that determination was “arbitrary, capricious, or characterized by abuse of discretion.”
We also affirm the commission’s decision denying back pay to the employee for the period between his firing and his restoration to his employment. The commission substituted the penalty of “suspension” for firing. The employee argues that, because the appointing authority only had authority to impose “suspension without pay not exceeding ... 120 days ...,” the commission itself could not “suspend” for over 120 days without pay.
*841 We respond that the authority also had no authority to suspend with pay for over 120 days. At issue is not the appointing authority’s power to suspend an employee without future pay (for the period of the suspension specified by the authority), but the commission’s power to reinstate a fired employee without back pay (for the period from firing to reinstatement, not specified by anyone but affected by many factors over which the appointing authority may have no control). Formerly, La. Const. 1921 art. 14 § 15(0)(3) provided that the commission, upon reinstating an employee, “may order full pay for lost time.” That detail was omitted from the greatly-condensed 1974 constitution. But that omission does not warrant a reading that the commission now “may not” award back pay — nor a reading that it “must” award back pay — to reinstated employees. The employee cites no authority that would deprive the commission of its discretion to order back pay or not, depending on the circumstances.
The employee cites only a rule that was adopted after his termination, that expressly provides that the commission’s modification of disciplinary action “may include reducing the penalty of a dismissal to that of a suspension for a period in excess of ... 120 calendar days.” The employee argues that this rule cannot justify the commission’s action in his case because it was not in force at the time he was dismissed. We have already expressed our view that no rule is necessary to allow the commission to award back pay, and none is necessary to allow it to deny back pay, when reinstating an employee. Perhaps the rule was adopted to make clear that, although another rule prevents an appointing authority from suspending over 120 days without pay, that other rule does not apply to the commission (as we have ourselves concluded above). In any case, the cited rule does not by implication oblige the commission to award back pay in cases of dismissals prior to its enactment.
Affirmed.