470 So.2d 518 (1985)
Leo J. McSTRAVICK
v.
DEPARTMENT OF REVENUE AND TAXATION.
No. CA 84 0474.
Court of Appeal of Louisiana, First Circuit.
May 29, 1985.
*519 Charles C. Trascher, III, Snellings, Breard, Sartor, Inabnett & Trascher, Monroe, for appellant.
Edwin M. Callaway, Dept. of Revenue and Taxation, Baton Rouge, for appellee.
Robert R. Boland, Jr., Civ. Service Legal Counsel, Dept. of State Civ. Service, Baton Rouge, for Herbert L. Sumrall.
Before WATKINS, CRAIN and ALFORD, JJ.
ALFORD, Judge.
This is an appeal from a decision of the State Civil Service Commission which upheld the dismissal of appellant, Leo J. McStravick, from his position as Revenue Examining Agent III.
Appellant had obtained permanent status in his classified civil service position with sixteen years experience at the Department of Revenue and Taxation. By letter dated April 2, 1981, the secretary of that department, Shirley McNamara, notified appellant that his termination would be effective on April 10, 1981. The letter cited as grounds (1) insubordination in failing, "after several oral and written instructions and specific written instructions on January 27, 1981," to surrender a tax examination of "Taxpayer A" by the specified deadline of February 2, 1981 and (2) the unsatisfactory quality of recent audit work, including the file of "Taxpayer A." The termination letter went on to note that appellant had on previous occasions been given written instructions to complete and submit assignments, and that appellant had been cautioned as early as 1974, and again in 1975 and 1976, to spend only a reasonable amount of time on audits.
Evidence adduced at the hearing before the referee indicated that the audit of "Taxpayer A" was assigned to appellant in 1978. Donald Barnett, assistant technical director of field audits for the Department of Revenue and Taxation, testified that it was an important departmental policy that the audit files be completed and brought in timely for at least three reasons. First, it is inconvenient to the taxpayer to have an auditor present in the taxpayer's offices and using their files. Second, interest from any additional tax found to be due accrues from the due date until actually paid; thus, excessive time spent on a file means the taxpayer is burdened with additional interest. Third, prescription runs on the amount of time that the department is able to audit and collect the additional taxes from the taxpayer. Barnett also noted that taxpayers often complain about lengthy audits.
By memorandum dated January 27, 1981, Barnett instructed appellant in part, as follows, regarding the audit of "Taxpayer A":
Please turn the file in on (or before) Monday, February 2, 1981, as we cannot justify holding the file open any longer. Should you need assistance to complete the assignment by this date, please let us know.
Barnett testified that he wanted the audit file and all papers concerning the taxpayer so that he could get another auditor to complete the work without further delay.
*520 Barnett testified that he would have preferred to have the completed audit in by February 2, 1981, but if appellant failed to complete the audit by the deadline, he merely wanted the audit file and all papers concerning the taxpayer so that he could get another auditor to complete the work without further delay. The director of the field audit section of the department, Oscar Diaz, testified that he and another person in the department had also asked appellant to turn in the file on "Taxpayer A."
Barnett stated that on February 2, 1981, the department received a short note and three other papers, but not the audit reports, tax returns or other documentation that he needed to have another auditor perform the audit. Although appellant later sent more papers in, Barnett testified that he had to send another memorandum dated February 18, 1981, to appellant because the department had still not received everything it needed, including the taxpayer's income tax return, the waivers of prescription, the work papers used to determine a tax deficiency, and "comments for the above mentioned audits or corporation franchise tax to let the reviewers know what was checked and what you found." By about February 20, 1981, appellant had sent in his final information. Barnett testified that the information compiled by appellant was useless for purposes of collecting a tax deficiency. As to the condition of the work submitted by appellant, Barnett stated:
It was somewhat disorganized. We could not tell which audit report we were supposed to use. In some cases we had three different amounts to be assessed for the same tax period without any indication of which one was the correct amount to be assessed other than looking at the date on which it was transmitted to us, but there was no explanation as to why the differences existed.
Barnett further noted that he felt appellant had disobeyed a direct order by his actions relative to "Taxpayer A."
Appellant argues primarily that the referee, and the Civil Service Commission by its affirmation of the referee's decision, erred in sustaining the dismissal of appellant. Legal cause exists for disciplinary action against a permanent, classified civil service employee whenever that employee's conduct is detrimental to the efficient and orderly operation of the public service for which he was employed. Ferguson v. Dept. of Health & Human Res., 451 So.2d 165 (La.App. 1st Cir.1984). The referee and the Civil Service Commission concluded that the facts of this case supported the dismissal. On appeal, the factual findings of the Civil Service Commission should not be disturbed in the absence of manifest error. Walters v. Department of Police of New Orleans, 454 So.2d 106 (La. 1984). We find no manifest error in the conclusion of the Commission. Appellant disobeyed a direct order to surrender a taxpayer's file and the information that was finally turned in was of little use to the department. Accordingly, we agree that appellant's conduct was detrimental to the efficient and orderly operation of the Department of Revenue and Taxation in executing its public duty.
Finally, appellant argues that the charges against him, even if proven, were insufficient to justify the disciplinary action taken. We disagree. The following rule was set forth by the Louisiana Supreme Court for the review of Civil Service Commission decisions:
In judging the commission's exercise of its discretion in determining whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, the court should not modify the commission's order unless it is arbitrary, capricious or characterized by abuse of discretion.
Walters, 454 So.2d at 114. Appellant was well aware of the department's need to render assigned audits as accurately and efficiently as possible to prevent serious inconvenience to taxpayers. However, it appears from the record that appellant chose to disregard the requirements of the department as reflected by the demands of his superiors. Moreover, this type of conduct *521 presents an unreasonably onerous burden to the taxpayer. After a careful review and evaluation of the record, we find that the action taken was justified under the circumstances.
Accordingly, for the foregoing reasons the decision of the Civil Service Commission is affirmed at appellant's costs.
AFFIRMED.