SAVOIE, Judge.
Plaintiffs, Margie Dubois’, appeal from a decision of the Civil Service Commission (hereinafter referred to as the Commission) is before us for the second time. She appeals, contending that the Commission erred in upholding her termination of employment with the Department of Health and Human Resources, Belle Chasse State School.
On February 27, 1981, plaintiff, an 18-year State Civil Service employee, was terminated from her position at the Belle Chasse State School for excessive tardiness and failure to comply with and follow a supervisory plan. Cited in said letter of termination were numerous instances of plaintiffs failure to be present at work on time. This termination letter was signed by Gene I. Barrow, MR Facility Administrator III. Plaintiff timely appealed to the Commission, asserting numerous deficiencies in the procedure used and errors on the merits of the action taken against her. Subsequent to the Commission’s hearing, plaintiff's termination was upheld. From such ruling, plaintiff appealed.
On original hearing, this court, considering the testimony and evidence adduced, found that the parties hereto were evidently laboring under conflicting views as to the possible stipulation to Mr. Barrow’s “appointing authority.” We noted that a tenured Civil Service employee can only be discharged by the appointing authority and that such authority is to be strictly construed. Bennett v. Executive Department, Division of State Buildings, 334 So.2d 551 (La.App. 1st Cir.1976). Rule 1.4 of the Civil Service Rules defines “appointing authority” as the “agency, department, board or commission, and the officers and employers thereof authorized by statute or by lawfully delegated authority to make appointments to positions in the State Service.” By statute, assistant secretaries for each office within the DHHR are appointing authorities. LSA-R.S. 36:257. In the absence of a statutory grant of authority, an appointing authority may be lawfully delegated by one who has such authority. Civil Services Rules 1.4. In proof thereof, an authentic act delegating an appointed authority or certified copy thereof when entered into evidence shall be accepted as prima facie proof of the recitals contained therein. Civil Service Rule 13.19(t). Based thereon, this court remanded the case to the Commission for the introduction of further evidence to establish whether plaintiff’s termination letter was signed by the proper “appointing authority.” Dubois v. Department of Health and Human Resources, 448 So.2d 230 (La.App. 1st Cir.1984).
On remand, Mr. Barrow and Mr. Billy Ray Stokes, Assistant Secretary of the DHHR, testified. Mr. Stokes stated that a letter initialed by him on October 23, 1980, was intended as a delegation of his “appointing authority” to Mr. Barrow. Mr. Barrow testified that pursuant to that letter, he considered himself to be the delegated “appointing authority” at the time in question. As such, he considered that he had the power to discharge plaintiff.
Plaintiff appeals that decision in addition to asserting her prior contentions of the Commission’s errors, asserting that:
“1. The Commission erred in its statement of the appeal portion of its decision of January 28, 1983 by alluding to 19 written notifications to Mrs. Dubois as to her work hours and attendance and alleged misrepresentation of jury leave when in truth and in fact none of the allegations or the 19 written notifications were introduced into evidence in this proceeding and by including *219 this in the decision the Commission has enlarged not only the letter of dismissal and allowed for attachments to the letter of dismissal, which by law are not part of the letter of dismissal and should not be considered, to become part of this record.
“2. The Commission erred in holding that Mrs. Dubois was not entitled to a pre-termination hearing when a denial of such pre-termination hearing is a denial of due process and unconstitutional.
“3. The Commission erred in not granting the first Motion for Summary Disposition filed February, 18, 1982 on behalf of Mrs. Dubois in that the Commission’s own prior decision in the matter entitled in Re Jacqueline Levy, Docket No. 2467, the Commission itself held that placing an employee on leave without pay, whether you style it leave without pay or suspension, is in contravention of their own Rule No. 11.27 and the effect of the prior suspensions of Mrs. Dubois and the forced leave without pay she was forced to take in terms of waiting out the 30 minute periods of time for which she was not paid have the same force and effect as placing her on leave without pay.
“4. The Commission erred in not granting the first Motion for Summary Disposition filed February 18, 1982 on behalf of Mrs. Dubois in that by holding that Civil Service Rule 12.2 did not require notification of Mrs. Dubois of her right to appeal at the time that she was suspended should not be read retroactively with the amendment to 12.2 which required that permanent employees suspended be advised of their right to appeal. This was a denial of due process and equal protection of Mrs. Dubois and the amended Rule 12.2 should have been used as a basis for giving her the due process and equal protection that she is entitled to under the Constitution of the State of Louisiana and the United States of America and the Motion for Summary Disposition should have been granted on that basis.
“5. The Commission erred in holding that prior disciplinary actions can be considered by the appointing authority in determining what sanction to levy against an employee deemed guilty of further infractions; and, by further holding that if the employee does not timely appeal the previous disciplinary action, the validity of such previous actions is no longer subject to challenge. This is error in that to suspend someone from their job or force them to take leave without pay and not inform them under the Civil Service Rules, particularly 12.2 as amended, that they have a right to appeal and then come back in the decision of their case and say that because you did not timely appeal something that you did not even know you had the right to appeal in the first place, we are now going to hold it against you.
“6. The Commission erred in upholding the termination of Mrs. Dubois based upon the evidence presented, in that the only evidence ever introduced at any hearing was evidence of tardiness by one minute on two occasions and 21 minutes on a third occasion over an alleged 7 month period by an 18 year Civil Service State employee and this should not be a cause of sufficient gravity to warrant a punishment so severe as termination.
“7. The Commission erred in finding, at page 4 of their January 28, 1983 decision, and holding, that the supervisory plan and the policy of the Belle Chasse State School that an employee has to “wait out” and cannot report to their duty station until lk hour has elapsed if they are so much as one minute past the five minute grace period allowed in the first place is misinterpretation of the Civil Service Rule and in contravention of the Civil Service Rules, but then not allowing Mrs. Dubois to be reinstated and finding that she was legally fired for violation of this particular rule which the Commission in its own decision has found to be invalid. How can Mrs. Dubois have been fired and the firing upheld based upon a rule that is found in the very decision that upholds her firing to be invalid?
“8. The Commission erred in finding as a matter of law and fact that Mrs. Dubois was “repeatedly” advised of the hours she was expected to work and that she “re *220 peatedly” failed to conform to the office hours established when in truth and in fact the evidence introduced at the hearing establishes only the three times late to work over a seven month period, two times by one minute and one time by 21 minutes.
“9. The Commission erred in not holding that the Agency’s policy concerning tardiness is unconstitutional and a deprivation of due process and equal protection.
“10. The Commission erred in their Findings of Fact, in the January 28, 1983 opinion, No. 5, and their Conclusion of Law by finding that Mrs. Dubois did, in fact, comply with the policy requiring her to wait out but on the three occasions, and only three occasions, introduced into evidence, she punched her time card with the actual time she arrived rather than waiting until the 8:30 time of the policy and then to go on and find that the policy itself is invalid but to hold her accountable for an invalid policy and legitimate her firing is error on the part of the Commission.
“11. The Commission erred by not reinstating Mrs. Dubois after finding that the very rule that she was fired for violating, namely the wait out rule, was invalid and in contravention of the Commission’s own rules.
“12. The Commission erred by not even addressing the request made, pursuant to Civil Service Rule, by Mrs. Dubois in her letter of appeal for a full investigation by the full Commission into the working conditions of Belle Chasse State School.
“13. The Commission erred in not requiring Commissioners David D. Duggins and Marshall J. Ryals to participate in its decision of January 28, 1984 as they did, in fact, participate in the original hearings and should be required to participate in the decision.
“14. The Commission erred in holding that even though the termination letter was not signed by the proper appointing authority it was signed by the facility administrator who “had authority to take such action” when no evidence of any delegation of the authority of the appointing authority, namely the Secretary of D.H. H.R., was ever introduced into evidence in this case and, therefore, the letter of termination, by the Civil Service Commission’s own rules, is fatally defective for want of being confected and signed by the appointing authority.
“15. The Commission erred, in its September 26, 1984 decision, in holding that a proper delegation of authority was proved at the hearing on remand in that the documents introduced at this hearing were not the originals and no proof was offered as to the date of their confection save the self serving declarations by the parties testifying.
“16. The Commission erred in its decision of September 26, 1984 in allowing for the testimony, some four years later, of an alleged oral affirmation of appointing authority by Billy Ray Stokes to Gene Barrow.
“17. The Commission erred in applying the law of delegation of appointing authority in that a certified copy of an authentic act of delegation is what is required by law to preserve the chain in order to insure the proper appointing authority has full disciplinary power.
“18. The Commission erred in its decision of September 26, 1984 in failing to grant appellants motion for summary disposition for the decision on remand by the (sic) was clear in that the First Circuit conclusively found that there was no evidence of proper delegation in the original hearing and therefore the motion for summry (sic) disposition should have been granted.
“19. The Commission erred in its decision of September 26, 1984 in finding that Civil Service Rule 13.19(t) was adopted to “facilitate proof” of a delegation of appointing authority and that when delegaton (sic) of appointing authority is taken by means other than authentic act all that is required is that the appointing authority appear and testify to his oral delegation which is in derogation of the strict proof required by the law in Civil Service matters and further in derogation of the rights of *221 due process of individuals in disciplinary matters when said individuals are classified civil servants of the State of Louisiana.”
We choose not to address plaintiff’s assignments of error in numerical order, noting that the threshold issue is whether the termination letter was signed by the proper “appointing authority.” As such, we will first consider whether Mr. Barrow was the “appointing authority” at the time in question.
ASSIGNMENTS OF ERROR NOS. 14, 15, and 16
Plaintiff asserts on several grounds that the Commission erred in finding that a proper delegation of authority was proven on either original hearing or on remand. It is settled that decisions of the Commission are entitled to great weight and will not be disturbed on appeal absent manifest error. Buno v. Department of Police, 462 So.2d 139 (La.1985), cert. denied, 106 S.Ct. 39, 88 L.Ed.2d 32 (1985); and McStravick v. Department of Revenue and Taxation, 470 So.2d 518 (La.App. 1st Cir.), writ denied, 475 So.2d 1095 (La.1985).
In the instant matter, the testimony of Billy Ray Stokes, Assistant Secretary of the Office of Mental Retardation, and Mr. Gene I. Barrow was uncontradicted concerning the delegation of Mr. Stokes’ “appointing authority” to Mr. Barrow. Mr. Stokes testified that on October 23, 1980, he initialed a memorandum to all MR Facility Administrators noting the delegation of his “appointing authority” to certain individuals. Therein, Mr. Barrow was named as the “appointing authority” at the Belle Chasse School. Mr. Barrow stated that upon receiving the memorandum, he commenced to act in his position as the “appointing authority.”
Based upon the foregoing uncontradicted testimony, we cannot say that the Commission erred in concluding that Mr. Barrow was delegated as “appointing authority” of the Belle Chasse School. Accordingly, these assignments of error are without merit.
ASSIGNMENTS OF ERROR NOS. 17 and 19
Plaintiff next asserts that “appointing authority” can be delegated only by authentic act, citing Civil Service Rule 13.-19(t). He contends that no such authentic act having been introduced herein, there was no delegation of Mr. Stokes’ “appointing authority” to Mr. Barrow. As such, he asserts that Mr. Barrow’s letter of termination is ineffectual.
Civil Service Rule 13.19(t) provides that where an authentic act delegating an appointing authority or certified copy thereof is entered into evidence, it shall be accepted as prima facie proof of the recitals contained therein. Such rule is procedural in nature and does not exclude other means of proving a delegation of “appointing authority.” One’s “appointing authority” may be proved by direct evidence. See Miller v. State Department of Health, 135 So.2d 570 (La.App. 1st Cir.1961). Based hereon, and the testimony cited above, we find these assignments of error to be without merit.
ASSIGNMENT OF ERROR NO. 18
It is next contended that the Commission erred in failing to grant plaintiff’s motion for summary disposition on remand. Specifically, she contends that this court’s original opinion finding no evidence of proper delegation of “appointing authority” is dispositive of the motion in her favor. In brief, plaintiff also cites the Commission’s decision In The Appeal of Dorothy Robinson # 3357, dated March 4, 1983, as being dispositive of her motion. Therein, the Commission held that the “appointing authority” should not be given a second chance to prove its delegation of such authority. Plaintiff asserts that this court’s remand has given the “appointing authority” a second chance to prove the delegation of its “appointing authority.” Summary disposition of an appeal may be taken any time after its docketing upon written request when a disciplinary action taken was not accomplished by the proper appointing authority. Civil Service Rules 13.14(a)7.
*222 In our original opinion, we found there was confusion between the parties as to the possible stipulation of the delegation of “appointing authority” to Mr. Barrow. We noted that such was being required in the interest of justice. We did not find that there was an absence of any evidence to prove the delegation.
Based thereon, we cannot say that the Commission erred in denying plaintiffs motion for summary disposition. Bruno, supra. Accordingly, this assignment of error is without merit.
ASSIGNMENTS OF ERROR NOS. 1, 3, 6, 7, 8 and 10
In essence, plaintiff next asserts that the Commission erred in finding that three incidents of tardiness after January 27, 1981, were legal cause to terminate her. Incidental thereto, she asserts that all prior disciplinary actions taken against her for tardiness and upon which the Commission based the severity of their final disciplinary action, were legally infirm, she never having been advised of her right to appeal these prior disciplinary actions.
Legal cause exists for disciplinary action against a permanent classified employee whenever that employee’s conduct is detrimental to the efficient and orderly operation of the public service for which the employee was employed. Abadie v. Department of Streets, 480 So.2d 425 (La.App. 4th Cir.1985), writ denied, 481 So.2d 1351 (La.1986); and McStravick, supra. The burden of such proof is upon the “appointing authority” who must prove same by a preponderance of the evidence. LSA-Const. art. 10, sec. 8(A). Further, on appeal, factual findings of the Civil Service Commission are entitled to great weight and should not be disturbed absent manifest error. Bruno, supra; and McStravick, supra.
In the instant case, the appointing authority introduced two time cards which covered the period January 29 through February 25, 1981. These cards allegedly indicate that they are plaintiff’s and that she was tardy on three occasions during this period. The Commission found that plaintiff was late one minute on two occasions and twenty-one minutes late on one occasion. However, review of the cards clearly indicates the plaintiff was late one minute on three occasions and three minutes on one occasion.[1] Moreover, these cards are not date stamped as the employee punches in. Rather, someone merely date stamps the pay period at the top of the time card prior to their submission to the pay section. Further, the time cards introduced were devoid of plaintiff’s signature indicating that these cards were indeed hers. Mr. Barrow testified that anyone could date stamp the time cards and place the employee’s name thereon at any time prior to its submission to the pay section. However, he stated that he recalled all of the days plaintiff was tardy and that the time cards indicated same. Contradictorily, plaintiff was unsure that these time cards were hers but did admit that her handwriting appeared on the bottom of one of these cards.
While we find this evidence to be very unsupportive of the Commission’s decision, we cannot say that it was manifestly wrong in finding that the time cards indicated that plaintiff was tardy on several occasions after January 27, 1981. Finding same, we must now consider whether such acts are legal cause for terminating plaintiff’s employment. We find it is not.
Mr. Barrow testified that the Belle Chasse State School had a chronic problem of tardiness among its employees.[2] However, in the instant case, the appointing authority failed to adduce even a scin *223 tilla of evidence that plaintiff’s tardiness affected the efficient operation of the public service. In fact, the record indicates that when an employee was tardy, they were required to “sit out” of work until the next half hour. We find it inconceivable to conclude that plaintiff’s tardiness affected the efficient operation of the school where it was required that a tardy employee sit out of work until the next half hour before starting work when they were tardy.[3] As such we find that the Commission erred in finding that the appointing authority had carried its burden of proof. Having so found, we reverse the Commission’s decision. As such, any discussion of Assignments of Error Nos. 2, 4, 5, 7, 9, 11,12 and 13 is irrelevant and hereby pretermitted.
For the above and foregoing reasons, judgment of the Commission terminating plaintiff is hereby reversed. Plaintiff is to be reinstated to her former position with all back pay and allowances to be paid retroactive to the date of her termination. Costs, amounting to $50.00, are taxed to defendant.
REVERSED AND RENDERED.

. The cards clearly indicate that plaintiff was late on the following dates and times:
DAY DATE MINUTES LATE
Monday February 2, 1981 1
Tuesday February 3, 1981 1
Wednesday February 18, 1981 3
Friday February 20, 1981 1
While the Commission found plaintiff tardy on February 18, 1981 for 21 minutes, the card indicates that plaintiff clocked in at 8:06 a.m. and 8:26 a.m. The record reflects that plaintiff clocked in twice on that date to reflect the time she was actually at work.

. We note that continual tardiness has been and continues to be legal cause for termination of *223 Civil Service employees where the "appointing authority” proves by a preponderance of the evidence that the tardiness affects the efficient and orderly operation of the public service.

. In its opinion dated January 28, 1983, the Commission declared the policy of refusing to allow a tardy employee to report for duty until one-half hour had elapsed after their arrival at work to be in contravention of the Civil Service Rules.