BARRY, Judge.
The Sewerage and Water Board appeals a New Orleans Civil Service Commission decision which reinstates Samuel Lee to his job.
Lee, an Equipment Operator I since October, 1982, was dismissed as a result of a poor attendance record. He appealed to the Commission which reviewed the Hearing Examiner’s transcript and concluded the Board failed to carry its burden of proof and reversed the dismissal.
The Board argues: (1) the Commission acted arbitrarily, capriciously, and was manifestly erroneous; (2) Lee did not prove the Board does not have authority to terminate an employee for failure to follow its attendance policy; and (3) the Commission has no. authority to dictate how the Board disciplines its employees.
A Board employee with permanent status in the classified civil service cannot be subjected to disciplinary action except for cause expressed in writing. La. Const. Art. X, § 8. Legal cause for dismissal exists if the facts found by the Commission disclose employee conduct prejudicial to the public service or detrimental to its efficient operation. Walters v. Department of Police of City of New Orleans, 454 So.2d 106 (La.1984); Lombas v. Department of Police, 467 So.2d 1273 (La.App. 4th Cir.1985), writ denied 470 So.2d 120 (La.1985).
A Civil Service Commission decision is subject to review on any question of law or fact by the court of appeal. La. Const. Art. X, § 12. Findings of fact should be reversed only if clearly wrong or manifestly erroneous. A reviewing court should not reverse a commission conclusion as to whether legal cause for dismissal exists and the punishment is commensurate with the infraction unless the decision is arbitrary, capricious or an abuse of discretion. Walters v. Department of Police of City of New Orleans, supra. See also James v. Sewerage and Water Board of *1225 New Orleans, 505 So.2d 119 (La.App. 4th Cir.1987).
The record indicates Lee was suspended for two days in May, 1985 (due to 11 late days between January and May, 1985), ten days in December, 1985 (predicated on 3 tardy days, 2 personal business days and 2 missed truck days), and two weeks in February, 1986 (based on 7 additional no-pay status days). In the February 3, 1986 letter Lee was warned that if his attendance did not show immediate and dramatic improvement, more severe disciplinary action, including dismissal, would result. Other than validly missed days, his record indicates one late day thereafter on May 13, 1986 when he got to work at 7:00 a.m. (¾⅛ hour tardy). No disciplinary action was taken.
The dismissal was triggered by what occurred on June 3, 1986. According to a notation in the record and the testimony of Sheldon Wild, Lee’s supervisor, Lee did not report to work that day and did not call in. Lee claims he called in and asked for an annual leave day to take care of a continuing tax problem. On that date he was “dropped.” Inexplicably an 84 (indicating “missed truck”) appears on the June 3, 1986 date on Lee’s payroll card and 8 work hours are listed for him that date. The Commission accurately described the record as “confusing.”
The Board’s dismissal letter recognized Lee’s poor attendance record over the years, his previous reprimands, and two suspensions (the last on February 3, 1986). It stated Lee was suspended from June 3, 1986 through June 26, 1986 and dismissed June 27. The Commission’s decision points to the improvement of Lee’s attendance record from February, 1986 to June, 1986, and concludes that the Board had not carried its burden of pointing to attendance problems of significance after its last disciplinary action in February, 1986.
We are forced to disregard the inconclusive status of what happened on June 3, 1986 which leaves only one tardy day after the Board’s February 3, 1986 warning. To find that last tardiness legal cause for dismissal would require a conclusion that it affected the efficient operation of the Board. Dubois v. Department of Health and Human Resources, 486 So.2d 216 (La.App. 1st Cir.1986), writ denied 489 So.2d 1274 (La.1986). The Commission did not find that termination was warranted. See Thomas v. Department of Welfare, 454 So.2d 839 (La.App. 4th Cir.1984).
In light of the record we cannot conclude that the Commission was arbitrary or capricious.
The decision is affirmed.
AFFIRMED.