546 So.2d 259 (1989)
BOARD OF COMMISSIONERS, PORT OF NEW ORLEANS
v.
Ronald A. LIVINGSTON.
No. CA 88 0630.
Court of Appeal of Louisiana, First Circuit.
June 20, 1989.
Gerald O. Gussoni, Jr., Bd. of Com'rs, Port of New Orleans, New Orleans, for appellant.
Dwight W. Norton, New Orleans, for appellee.
Robert R. Boland, Jr., Civil Service Legal Counsel, Dept. of State Civil Service, Baton Rouge, for Herbert L. Sumrall, Director, Dept. of State Civil Service.
*260 Before COVINGTON, C.J., and LOTTINGER and FOIL, JJ.
FOIL, Judge.
This appeal challenges the action of the Civil Service Commission in awarding attorney's fees to a classified employee, despite ruling that it lacked subject matter jurisdiction over the employee's appeal. Because we hold the Civil Service Commission did indeed have subject matter jurisdiction over the appeal, and uphold the Referee's reversal of the challenged action, we affirm the award of attorney's fees.
Appellee, Ronald Livingston, is employed by the Board of Commissioners of the Port of New Orleans (Board) as a police officer with the Harbor Police Department. He is serving with permanent status.
Officer Livingston and a number of police officers employed by the Board formed an organization known as the H.P.D. Special Detail Fund. This organization provides security to private individuals, businesses and groups. The Harbor Police Department officers work for the organization on their off-duty hours, and are compensated by the organization.
On April 4, 1986, Officer Livingston was working on off-duty, paid security detail. He was observed at that time by a fellow officer without his uniform cap. Soon thereafter, a letter of reprimand was sent to Officer Livingston regarding the incident. The letter was written on Board stationary, with the caption "The Board of Commissioners of the Port of New Orleans/Inter-Office Communication." The letter recited that Officer Livingston was observed without his uniform cap while working the paid off-duty detail, and cited that such conduct violated several Harbor Police Department Rules and Regulations regarding personal appearance. Specifically, the reprimand charged that the Harbor Police Department was in winter uniforms, and the uniform cap is part of the uniform and must be worn while working outside. The letter concluded with the following warning: "It is hoped that this Letter of Reprimand will instill in you the seriousness of this violation and that the same will not occur again. If the same should occur again you will receive a written reprimand or suspension from this department." (emphasis added) The letter was signed by James C. Randall, Acting Watch Commander of the Harbor Police Department. The letter of reprimand was approved by Archie T. Ben, the Superintendent of the Harbor Police Department.
Officer Livingston appealed the disciplinary action to the Commission, seeking removal of the letter from his personnel files, and a Referee was appointed to hear the appeal. The Board moved for summary disposition of the appeal, contending that the Commission lacked subject matter jurisdiction over the appeal because the Board did not take any disciplinary action against Officer Livingston and because the misconduct occurred outside the course and scope of the officer's employment with the Board. The Board argued, alternatively, that if the reprimand was construed to apply to Officer Livingston's employment with the Board, it was per se invalid because it had not been taken by the proper appointing authority. In support of this position, the Board submitted the affidavit of J. Ron Brinson, the Executive Port Director and General Manager of the Board of Commissioners of the Port of New Orleans, reciting that he is the designated appointing authority for the Board, and stating that he delegated this authority to Ms. Rosemary Parker. The Board thus argued that since Ms. Parker did not take part in the disciplinary action, the letter of reprimand was invalid.
Following a hearing, the Referee rejected the Board's argument that the Commission lacked jurisdiction over the subject matter of the appeal, emphasizing that it was irrelevant that the misconduct occurred during the off-duty paid detail. The Referee noted that in other cases of this type, she has found that the off-duty paid details of the Harbor Police Officers are in reality nothing more than overtime. Upon finding jurisdiction over the appeal, the Referee reversed the challenged action on the basis it had not been taken by the proper appointing authority, and ordered *261 that the letter of reprimand be removed from the Board's personnel files. Further, the Referee found that the Board had acted unreasonably in attempting to discipline Officer Livingston for his behavior, yet denying him the right to appeal by the "use of circuitous means enacted to avoid the jurisdiction of the Civil Service Commission and circumvent the Civil Service Rules." The Referee awarded Officer Livingston $500.00 in attorney's fees.
The Board appealed to the Commission, which ruled that the Commission lacked jurisdiction over the subject matter of the appeal. The Commission concluded that since the punishment imposed related to Officer Livingston's work with the private organization, it lacked authority to entertain the appeal. Despite reversing the Referee's ruling on jurisdiction, the Commission upheld the award of attorney's fees, finding that Officer Livingston acted reasonably in appealing the challenged action to the Commission.
The Board took this appeal, challenging the award of attorney's fees. It contends that the Commission lacked authority to award attorney's fees upon finding it lacked jurisdiction to hear the appeal. Upon review, we conclude that the Commission did have jurisdiction over the subject matter of the appeal, and reverse its ruling on this issue.
Whether the conduct for which Officer Livingston was reprimanded occurred during his working hours or outside his working hours is completely irrelevant to the issue of whether or not the Commission has the authority to review the action. It is important to the issue, however, that the off-duty misconduct can affect the officer's employment with the Board. We believe the crucial question is whether the challenged action can be fairly attributable to the Board, or was instead attributable solely to a private organization outside the scope of the Commission's authority.
Despite the Board's assertion that the Harbor Police Department and the H.P.D. Special Detail Fund are completely separate entities, the circumstances of this case make it apparent that the two entities are very much intertwined. It is obvious from the letter of reprimand that the Harbor Police Officers are governed by the Harbor Police Department's rules and regulations while performing their off-duty paid security details. More importantly, even though the violation of the rules may occur outside of the officer's employment with the Board, the officer's employment with the Board may be affected and indeed jeopardized because of the misconduct. The challenged action taken against Officer Livingston has the appearance of Board action, and under the circumstances of this case, this Court will treat it as such. We conclude that the challenged action is fairly attributable to the Board, and thus fell within the scope of the Commission's subject matter jurisdiction.
With regard to the merits of the disciplinary action, it is well established that such action must be taken by the proper appointing authority or it is null and must be set aside. DuBois v. Department of Health and Human Resources, 448 So.2d 230 (La.App. 1st Cir.1984). It is undisputed in this case that the disciplinary action was not taken by the proper appointing authority. The reprimand therefore is null and must be reversed. Because there is no dispute on this issue, we find it unnecessary to remand the case to the Commission to review the Referee's ruling on the merits of the challenged action.
Based on the foregoing, we reverse the Commission's ruling on the jurisdictional question and reverse the disciplinary action taken against Officer Livingston. The letter of reprimand is to be removed from the Board's personnel files, and may not be used against Officer Livingston as it pertains to his employment with the Board. Additionally, we affirm the award of attorney's fees. Civil Service Rule 13.35 authorizes an award of attorney's fees whenever the action taken by the appointing authority is reversed.
REVERSED IN PART; AFFIRMED IN PART.