625 So.2d 703 (1993)
LOUISIANA PUBLIC SERVICE COMMISSION
v.
George CHEATHON (Two Cases).
Nos. CA 92 1635, CA 92 1636.
Court of Appeal of Louisiana, First Circuit.
October 15, 1993.
Brian A. Eddington & Carolyn L. Devitis, Baton Rouge, for Louisiana Public Service Com'n, appellant.
Fernin F. Eaton, Baton Rouge, for George Cheathon, appellee (Pauper).
Robert R. Boland, Jr., Civ. Service Gen. Counsel, Dept. of State Civ. Service, Baton Rouge, for Herbert L. Sumrall, Director, Dept. of State Civ. Service.
Before FOIL, PITCHER and PARRO, JJ.
FOIL, Judge.
This appeal challenges the Civil Service Commission's determination that appellant, the Louisiana Public Service Commission (LPSC), failed to sustain its burden of proving that the disciplinary action at issue was taken by the proper appointing authority. *704 After a thorough review of the record, we reverse.
George Cheathon was employed in the classified civil service by the LPSC as a Transportation Enforcement Specialist and was serving with permanent status. By letter dated August 16, 1990, Mr. Cheathon was suspended from his job for allegedly accepting and soliciting bribes from two truck drivers in lieu of issuing the drivers violation tickets. The letter of suspension was signed by Marshall Brinkley, the Executive Secretary for the LPSC. After an investigation into the incidents, Mr. Cheathon was terminated from his position. The letter of termination was signed by Kenneth Adams, the Director of Transportation for the LPSC. Marshall Brinkley delegated his authority to handle the disciplinary action to Mr. Adams.
Mr. Cheathon appealed to the Commission, claiming that Mr. Brinkley was not the proper appointing authority, and therefore, the termination was null and void. A referee was appointed by the Commission to hear the appeal. During the hearing, it was revealed that there was no written document delegating the LPSC's appointing authority to Mr. Brinkley. Mr. Brinkley attested, however, that he managed all classified personnel and made all hiring and firing decisions for the LPSC, which he characterized as the LPSC's "normal practice." The LPSC sought to prove that it had delegated its appointing authority to its Executive Secretary by evidence of past practices. However, the referee refused to admit such evidence, and ruled that the termination was void because it was not taken by the proper appointing authority. The LPSC appealed the decision to the Commission, which found that the referee erred in failing to accept the LPSC's evidence of past practices. Specifically, the Commission ruled that a lawful delegation of appointing authority can occur where the principal, in this case, the LPSC, has express knowledge of acts of the agent, here, the Executive Secretary, and acquiesces over a period of time in those acts and under such conditions that show that the principal desired for the agent to act for it on such matters.
A second hearing was held before the referee. The LPSC introduced the testimony of Louis Lambert, its present chairman, who has served on the LPSC continuously since 1974. Mr. Lambert testified that the 5-member LPSC did not handle personnel matters, but left that task to the Executive Secretary. He attested that during his tenure on the LPSC, all hiring and firing decisions for the LPSC's classified civil service positions were handled by the Executive Secretary. He explained that the Commissioners have two unclassified employees working for each of them, and they individually make all hiring and firing decisions for those unclassified positions. However, the LPSC expected and relied on the Executive Secretary, its "personnel manager," to make those decisions with respect to the classified servants. He admitted that there was no official document authorizing the Executive Secretary to hire and fire employees, but stated that this was one of the job functions of the Executive Secretary. He did acknowledge that he "assumed" that the Executive Secretary would take care of these matters as part of his responsibilities as the personnel manager.
Mr. Louis Quinn, the past Executive Secretary for the LPSC who served in that capacity for 14½ years, stated that all hiring and firing of classified employees was taken care of in the LPSC's central office which was under his supervision. He attested that he never took matters dealing with the hiring and firing of classified employees before the LPSC members for their determination. Rather, the LPSC left that job to him, and all employment decisions for classified personnel, including hiring, firing, transfer and pay raises, were made by him. He testified that it was assumed that the Secretary had authority to handle personnel matters for the LPSC, and during his tenure, no Commissioner ever questioned or challenged his authority to do so.
Following the presentation of the evidence, the referee ruled that the LPSC failed to prove there had been a lawful delegation of its appointing authority to Mr. Brinkley. The referee made much of the fact that the LPSC did not call all five members of the LPSC to testify, and ruled that the failure of *705 the LPSC to present the testimony of the other four members on the delegation issue created the inference that their testimony would not have aided the LPSC's position. The referee reversed the termination, and awarded attorney's fees to Mr. Cheathon, concluding that the LPSC had acted unreasonably in prolonging the appeals process and in failing to present evidence in support of its implied agency theory. The Commission denied the LPSC's application for review of the ruling, thereby making the decision of the referee the final decision of the Commission. The LPSC appealed to this court, challenging the Commission's ruling and award of attorney's fees.

APPOINTING AUTHORITY
It is well established that disciplinary action against a classified employee must be taken by the proper appointing authority or it is null and must be set aside. Board of Commissioners v. Livingston, 546 So.2d 259 (La.App. 1st Cir.1989). The requirement that the discharge come from the appointing authority is to be strictly construed. DuBois v. Department of Health and Human Resources, 448 So.2d 230 (La.App. 1st Cir.1984). Civil Service Rule 1.4 specifically provides for the delegation of appointing authority. It defines "appointing authority" as the "agency, department, board, or commission, and the officers and employees thereof authorized by statute or by lawfully delegated authority to make appointments to positions in the State Service." La.R.S. 36:722(2) vests the LPSC with the authority "to employ, appoint, remove, assign and promote such personnel as is necessary for the efficient administration of the department." Clearly, the LPSC is the appointing authority as defined in Civil Service Rule 1.4, as it is authorized by statute to make appointments to positions in the civil service. La.R.S. 36:723 also vests the LPSC's Executive Secretary with authority over employment decisions, by providing that the Executive Secretary is the "chief administrative officer of the Department of Public Service," who, in addition to other duties, "shall be responsible for....personnel management."
The LPSC argues that the Executive Secretary is vested by statute with appointing authority. It also contends that its decision to delegate its appointing authority to the Executive Secretary is of constitutional magnitude, transcending any other legislative acts or regulations. We need not address either of these arguments, for we find that the LPSC proved that it "lawfully delegated" its appointing authority to the Executive Secretary.
At the outset, we agree with the Commission's determination that appointing authority may be proved by evidence of past practices. In Dubois v. Department of Health and Human Resources, 486 So.2d 216 (La.App. 1st Cir.), writ denied, 489 So.2d 1274 (La.1986), this court rejected an argument that delegation of appointing authority had to be proven by an authentic act. We made it clear that there were other ways of proving a delegation of appointing authority, including direct evidence of a delegation. Id. at 221. We hold that a "lawful delegation" of appointing authority may be proven as any other fact, by direct or circumstantial evidence. Thus, the Commission correctly ruled that the LPSC was entitled to prove an implied delegation through evidence of past practices and customs which showed that the LPSC intended to delegate its appointing authority to the Executive Secretary.
The evidence established that for many years, the LPSC has clothed the Executive Secretary with the power and responsibility to make all hiring and firing decisions with respect to classified personnel. A member of the LPSC attested that during his 14-year tenure on the commission, the LPSC as a body never handled the hiring and firing of classified employees, but rather, relied on the Executive Secretary to perform that function.[1] The past and present Executive Secretaries for the LPSC, who served at least 15 years in that capacity, stated that they made all hiring and firing decisions for the LPSC.
*706 The former Executive Secretary acknowledged that over the many years in which he made these determinations, not one member of the LPSC ever questioned or challenged his authority to do so. Rather, the LPSC expected the Executive Secretary to handle all hiring and firing of the classified personnel. This testimony, taken as a whole, showed that the LPSC intended to delegate its appointing authority to the Executive Secretary. Thus, the LPSC proved that it lawfully delegated its appointing authority to its Executive Secretary, Marshall Brinkley. Therefore, we hold that the Commission erred in holding that Mr. Cheathon's termination was not taken by the proper appointing authority. The Commission also erred in awarding attorney's fees to Mr. Cheathon.

CONCLUSION
Based on the foregoing, the decision of the Civil Service Commission is hereby reversed, and this matter is remanded for proceedings not inconsistent with this opinion. All costs of this appeal are to await a final determination of this case.
REVERSED AND REMANDED.
NOTES
[1] The hearing officer clearly erred in holding the failure of the LPSC to call all of the members of the LPSC to testify on the delegation issue against the LPSC. Since Commissioner Lambert's testimony established that the LPSC did not make hiring and firing decisions, but delegated that duty to the Executive Secretary, there was simply no need for the LPSC to call all members of the LPSC to testify, as such testimony would have only been corroborative and cumulative.