FOIL, Judge.
In this appeal, the appellant, Department of Agriculture and Forestry (Department), challenges the Louisiana Civil Service Commission’s ruling that the disciplinary action at issue was void because it was not taken by the proper appointing authority. We reverse.
Kelvin Jones was employed by the Department as a Meat Specialist II in the Office of Animal Services and was serving with permanent status. By letter dated April 30, 1991, over the signature of Richard Allen, the Department’s Assistant Commissioner for the Office of Management and Finance, Mr. Jones was notified of the confirmation of a verbal suspension from his job. The letter acknowledged that on April 23, 1991, Mr. Jones was suspended by the Commissioner of Agriculture for violation of the Department’s substance abuse policy after testing positive for a prohibited substance. Mr. Jones appealed the suspension to the Commission, alleging numerous procedural and substantive irregularities, which included an assertion that the action was not taken by the proper appointing authority. Thereafter, Mr. Jones was notified by letter dated May 28, 1991, that he was being terminated from his position because of the violation. The letter was signed by Richard Allen. Mr. Jones appealed the termination, alleging that it was not taken by the proper appointing authority. The two appeals were consolidated for review before a Referee appointed by the Commission.
At the hearing, it was revealed that the Department has seven acting Assistant Commissioners who each head a different division. Richard Allen, who took the disciplinary actions challenged herein, is the Assistant Commissioner for the Office of Management and Finance. The Department’s personnel office is located within the division he supervises. Mr. Allen testified that for the past 12 years, he has acted as the appointing authority for the Department, and no other person has served in that capacity during that time. Since 1980, he has been the principal person in the Department who handles disciplinary matters relating to civil service employees. The evidence showed that the Commissioner of Agriculture authorized Mr. Allen to act as the appointing authority on behalf of the Department in March of 1980, and that authorization has continued to the present day. The parties stipulated that the Commissioner specifically authorized Mr. Allen to take the disciplinary actions at issue in this case. Fran Williams, the Department’s Personnel Director, testified that during her four and a half year tenure there, only Mr. Allen issued letters to civil service employees pertaining to disciplinary matters, and no one has ever challenged Mr. Allen’s appointing authority.
The evidence further showed that Mr. Jones is employed in the Office of Animal Services, which is a distinct office from that which Mr. Allen heads. Dr. Clyde Raby is the Assistant Commissioner in charge of the Office of Animal Services.
The Referee ruled that, by statute, the Assistant Commissioner in charge of the Office of Animal Services was the proper appointing authority. The Referee specifically found that the Commissioner was not the appointing authority with respect to the disciplinary actions taken herein, and reasoned that he could not, therefore, lawfully delegate *902 the authority to take those actions to Mr. Allen. Since there was no evidence to suggest that Dr. Raby, the Assistant Commissioner in charge of the Office of Animal Services, delegated his appointing authority to Mr. Allen, the disciplinary actions taken against Mr. Jones were declared null and void. The Referee also awarded attorney’s fees to Mr. Jones. The Commission denied a request for review of the Referee’s rulings, making the rulings of the Referee the final decision of the Commission. This appeal followed.
APPOINTING AUTHORITY
It is well established that disciplinary action against a classified employee must be taken by the proper appointing authority or it is null and must be set aside. Board of Commissioners, Port of New Orleans v. Livingston, 546 So.2d 259 (La.App. 1st Cir.1989). The requirement that the discharge come from the appointing authority is to be strictly construed. DuBois v. Department of Health and Human Resources, 448 So.2d 230 (La.App. 1st Cir.1984). Civil Service Rule 1.4 specifically provides for delegation of appointing authority. It defines “appointing authority” as the “agency, department, board, or commission, and the officers and employees thereof authorized by statute or by lawfully delegated authority to make appointments to positions in the State Service.”
In this case, the Commission looked to the statutory source of appointing authority for the Department. The statutes set forth the following scheme: Under La.R.S. 36:624 B, the Commissioner of Agriculture has appointing authority over (1) individuals in the executive office of the commissioner; (2) other personnel not assigned to an office; and (3) all contract personnel employed by the Department. La.R.S. 36:624 B(l)(a)(i), (ii). The statutes also provide that each assistant commissioner of each of the offices in the Department shall be the appointing authority for his or her particular office. La. R.S. 36:627 states in part:
A. In addition to the office of management and finance, each other office within the Department of Agriculture and Forestry shall be under the immediate supervision and direction of an assistant commissioner. ...
⅝ * * *. ⅜ ⅜
C. Except as otherwise provided in R.S. 36:801, each assistant commissioner shall employ, appoint, remove, assign, and promote such personnel as is necessary for the efficient administration of his office and its programs and the performance of its powers, duties, functions, and responsibilities, in accordance with applicable civil service laws, rules, and regulations, and with policies and rules of the department, all subject to budgetary control and applicable laws.
While the Department urges this court to find that under this statutory scheme, the Commissioner of Agriculture has at least “concurrent appointing authority” with the Assistant Commissioners, we find the provisions relied on by the Department to simply refer to the general powers of the Commissioner of Agriculture. The statutes are specific on the disbursement of appointing authority among the Commissioner and Assistant Commissioners of the Department of Agriculture, and they are controlling. We conclude that the statutory appointing authority for the actions at issue was Dr. Clyde Raby, the Assistant Commissioner of the Office of Animal Services. We agree that the Department has failed to prove an express delegation of appointing authority because the Commissioner, Mr. Odom, who purported to transfer the appointing authority to Mr. Allen by letter in 1980, was not the statutory appointing authority for the actions taken in this case.
Recently, in Louisiana Public Service Commission v. Cheaton, CA 921636, 625 So.2d 703 (La.App. 1st Cir.1993), this court held that a “lawful delegation” of appointing authority authorized by Civil Service Rule 1.4 may be proven as any other fact, by direct or circumstantial evidence. We allowed the appointing authority in that case to prove an implied delegation of its appointing authority through evidence of past practices and customs which showed that the appointing authority intended to delegate that authority. In that case, the Louisiana Public Service Commission was the statutory appointing au *903 thority. The evidence showed that for at least 15 years, the Louisiana Public Service Commission relied on and expected its executive secretary to handle all disciplinary matters pertaining to civil service employees. The Louisiana Public Service Commission as a body had never taken any disciplinary action against any of its classified employees, and no one ever challenged the executive secretary’s authority to handle those matters. We ruled that the evidence proved that the Louisiana Public Service Commission intended to delegate its appointing authority to its executive secretary.
Under Civil Service Rule 1.4, and our interpretation of that rule in Cheaton, appointing authority may be transferred to another by an implied delegation. An implied delegation arises when there is sufficient evidence of past practices and customs over time which show that the appointing authority intended to delegate that authority to another. Louisiana Public Service Commission v. Cheaton, CA 921636, 625 So.2d 70S (La.App. 1st Cir.1993). The record showed that since 1980, Mr. Allen handled disciplinary actions for the entire Department of Agriculture and has acted as the appointing authority for the Department. There is no evidence to suggest that this authority was ever challenged. Because Mr. Allen in fact served as the appointing authority for such a length of time without objection, we conclude that the evidence establishes an implied delegation of appointing authority to Mr. Allen. Accordingly, Mr. Allen was the proper appointing authority for the disciplinary actions taken herein, and the Commission’s ruling, which set aside that action and awarded attorney’s fees, is reversed.
CONCLUSION
Based on the foregoing, the decision of the Civil Service Commission is hereby reversed, and this matter is remanded for proceedings not inconsistent with this opinion. All costs of this appeal are to await a final determination of this case.
REVERSED AND REMANDED.