|2FOIL, Judge.
This appeal challenges the Louisiana Civil Service Commission’s failure to dismiss the appeal of a classified civil servant who refused to appear at a hearing to determine the propriety of the disciplinary action taken against him, despite the issuance of a subpoena commanding his presence at the hearing. After a thorough review of the record, we find that the Commission erred in failing to dismiss the appeal, and reverse.
PROCEDURAL BACKGROUND
The lengthy procedural background leading to the challenged motion for dismissal can be summarized as follows: George Cheaton was employed in the classified civil service by the Louisiana Public Service Commission (LPSC) as a Transportation Enforcement Specialist and was serving with permanent status. By letter dated August 16, 1990, Mr. Cheaton was suspended from his job for allegedly accepting and soliciting bribes from two out-of-state truck drivers in lieu of issuing the drivers violation tickets. Following an investigation of the matter, Mr. Cheaton was terminated from his position.
On September 19, 1990, Mr. Cheaton appealed the disciplinary action to the Louisiana Civil Service Commission (Commission) and Mr. Rick Alessi was appointed to preside over the dispute. Among other things, Mr. Cheaton argued that the action was not taken by the proper appointing authority. The first hearing in this matter was held in February of 1991. The two truck drivers who reported the incidents of bribery solicitation, who are Florida residents, were present at the hearing. Mr. Cheaton failed to appear at the hearing. The LPSC’s attorney moved for a summary dismissal on the basis that Mr. Cheaton was not present and his case was prejudiced because the truck drivers were going to offer identification testimony. In the alternative, the LPSC sought a continuance of the matter until such time as Mr. Cheaton would be present. The Referee denied the motion to dismiss, noting that Mr. Cheaton was not subpoenaed for the hearing.
| 3The time allotted for the original hearing was spent on the appointing authority issue. Near the end of the day, the LPSC’s attorney requested that she be allowed to take the *47 depositions of the two non-resident truck drivers while Mr. Cheaton’s attorney was present to perpetuate their testimony. Mr. Cheaton’s attorney objected on the basis that no employment records from their out-of-state employers had been produced, which would effectively limit his ability to cross-examine them. The attorney also complained that the truckers never identified Mr. Cheaton. The LPSC attorney explained that the truckers were there to identify Mr. Chea-ton as the individual who solicited bribes from them. Mr. Cheaton’s absence was again noted by the LPSC, at which time his attorney stated that it was not his “obligation” to produce Mr. Cheaton for the hearing. The Referee noted that preliminary matters needed to be addressed before he would allow the truckers to testify. He also noted that since the Civil Service Rules do not provide for discovery, the only way a deposition taken to perpetuate their testimony could be admitted would be by consent of both parties, and Mr. Cheaton’s attorney did not consent to that taking of a deposition.
The Referee subsequently ruled that the disciplinary action taken was null and void because it was not taken by the proper appointing authority, and ordered that Mr. Cheaton be reinstated to his position. The LPSC appealed to the Commission, which found that the Referee erred in failing to take evidence on the appointing authority issue, and remanded the case.
A second hearing was scheduled to take place on August 28, 1991. The Referee issued a subpoena ordering Mr. Cheaton to appear and testify at the scheduled hearing; however, he did not appear at the hearing. One of the out-of-state truckers was present at the hearing. Testimony was adduced exclusively on the appointing authority issue, following which the Referee again concluded that the LPSC failed to prove that the disciplinary action was taken by the proper appointing authority, and ordered Mr. Cheaton’s | reinstatement. The Commission denied the LPSC’s request for review.
The LPSC appealed the ruling to this court. In Louisiana Public Service Commission v. Cheathon, 625 So.2d 703 (La.App. 1st Cir.1993), unit denied, 631 So.2d 1166 (La.1994), a panel of this court held that the action was taken by the proper appointing authority, and this court remanded the matter to the Commission.
On March 1, 1994, Mr. Cheaton was charged by bill of information with the criminal offenses of public bribery and malfeasance in office; the arraignment date was set for March 25,1994.
Mr. Cheaton’s appeal of his termination was scheduled to be heard before a second Referee appointed on the case, Bernice Pel-legrin, on March 15 and 16,1994. The LPSC requested that a subpoena be issued for the hearing commanding Mr. Cheaton’s presence and testimony. On March 3,1994, the Referee issued a subpoena ordering Mr. Cheaton to appear before her and to testify on behalf of the LPSC at the hearing. The record shows that he did in fact receive the subpoena by certified mail.
On the first date of the hearing, the two out-of-state truckers were present; however, once again, Mr. Cheaton was absent. After introducing the subpoena, the LPSC attorney moved that Mr. Cheaton be held in contempt of the proceedings. The Referee did not rule on the motion at that time. The balance of the day was devoted to preliminary matters. At the end of the day, the LPSC attorney withdrew his motion for contempt for nonappearance and converted it to a motion to dismiss the proceedings for Mr. Cheaton’s failure to appear despite the issuance of a subpoena commanding his presence at the hearing. Mr. Cheaton’s attorney argued that there were “serious constitutional problems” with commanding Mr. Cheaton’s presence, referring to the pending criminal prosecution for the offenses serving as the basis for the disciplinary action taken against him. The Referee found that since the day had been devoted to preliminary matters, she would be “hard pressed” to find him in contempt. She also refused to find lsthat he forfeited his right to proceed in the appeal. However, she cautioned Mr. Cheaton’s attorney:
Now, if he’s not here though tomorrow morning, Mr. Eaton, I think we’re going to have another kettle of fish. Either be here yourself prepared to submit supporting documentation for the position that he has a justification for not responding to the subpoena — or have him here. That’s the bottom line.
*48 The following day, at the start of the hearing, the LPSC questioned whether Mr. Chea-ton would be present to testify. An hour later, the attorney again inquired regarding Mr. Cheaton’s presence. His attorney stated that Mr. Cheaton was “in town” in response to the subpoena, but was not present at the hearing. The LPSC attorney stated that he would like to “urge, what we talked about yesterday.”
Following an off-the-record discussion, the attorneys for both sides apprised the Referee that they made an agreement that 'because the complainants were present, a limited amount of testimony on the identification issue would be taken. Both complainants testified that an individual solicited bribes from them on March 12, 1990. They gave general descriptions of the individual who solicited the bribes. Both stated that they could have identified the individual if he had been in court that day. The witnesses attested that they had been shown photographs in Florida of various individuals, and selected one of the photographs as depicting the person who solicited the bribes.
The LPSC again moved to dismiss the proceedings for abandonment, arguing that then- case had been prejudiced by Mr. Chea-ton’s failure to appear. The Referee declined to rule on the motion at that time, and rescheduled the hearing to resume on April 20th.
Thereafter, the Referee entered written reasons denying the motion to dismiss. She found that the motion made on the first day of the hearing was moot because Mr. Chea-ton was not called to testify. She also found that the motion to dismiss was without merit because Mr. Cheaton was represented by counsel and was not called to testify. She identified outstanding issues she would [ 6take evidence on when the hearing resumed, which included the issues of pre-suspension and pre-termination notice and whether the appointing authority violated a Civil Service rule requiring that the employee be furnished with a statement, in writing, of the action taken.
The LPSC appealed the Referee’s failure to dismiss the appeal due to Mr. Cheaton’s non-appearance to the Commission, which denied the request for review. The LPSC appealed the ruling to this court. Mr. Chea-ton opposed the appeal, urging that no final, appealable judgment was rendered in this matter. This court refused to dismiss the appeal, maintaining the appeal as the appeal of a final decision of the Commission. Cheathon v. Louisiana Public Service Commission, 94-1358 (La.App. 1st Cir. 7/31/95), 659 So.2d 857.
On November 3, 1994, Mr. Cheaton was convicted in the Sixth Judicial District Court for attempted public bribery and malfeasance in office, the same charges serving as the basis for his removal from employment by the LPSC.
DISCUSSION
The LPSC argues that the Referee erred in refusing to dismiss the appeal due to Mr. Cheaton’s willful failure to comply with the subpoena commanding his presence, which constitutes contempt under Civil Service Rule 13.25. We agree.
Civil Service Rule 13.21, which vests Civil Service Referees with subpoena power, provides as follows:
(a) The Commission ... any referee appointed by the Commission ... shall have the power to order the appearance of witnesses and compel the production of books and papers pertinent to the issues involved in the appeal, provided such witnesses and such books and papers are within the State.
The Civil Service Rules also provide penalties for willful violations of subpoenas. Civil Service Rule 13.25 states, in pertinent part, as follows:
(a) Any officer or employee in the classified service who willfully refuses or fails to appear before the Commission or its Referee in response to a subpoena ... may be found by the Commission or the Referee to be guilty of contempt in accordance with these Rules and, in addition to that which is provided for in these Rules, may be found by the Commission to have forfeited his office or position and may be found by the Commission not to be eligible thereafter for appointment to any position in |7the classified service for a period not to exceed ten years or be subject to a suspension from his position.
*49 In the instant case, three hearings were held before Civil Service Referees. Mr. Cheaton failed to appear at any of the hearings, even though he was subpoenaed to attend the last two hearings held by the Referee. Mr. Cheaton’s absence at these hearings was excused by the Referee on the basis that he was not called as a witness to testify.
However, it is Mr. Cheaton’s conduct in failing to appear at the hearings that should have been the Referee’s focus in determining whether he was in fact in contempt of the proceedings. On March 15, 1994, the Referee ordered Mr. Cheaton’s attorney to either produce Mr. Cheaton the next day or provide an adequate explanation for his absence. The attorney did neither. He merely stated that Mr. Cheaton was “in town” in response to the subpoena, but would not attend the hearing.[1]
It is evident that the key issue on the merits in these proceedings was the identity of the individual who solicited the bribes. On three occasions, the out-of-state witnesses were brought into Louisiana to identify the individual who solicited the bribes. On three occasions, these truckers were unable to identify Mr. Cheaton because he was not present at the hearings.
Under the facts of this case, we can only conclude that Mr. Cheaton willfully refused to appear before the Referee in response to the subpoena issued commanding his presence at the March, 1994 hearing. Such conduct constitutes a flagrant abuse of the civil service proceeding Mr. Cheaton invoked.
We have no doubt that under the Civil Service Rules, great discretion is accorded to the Commission and its Referees in determining an appropriate sanction for an act of contempt. The Commission is even given the discretion to order that the individual forfeited his or her position in the Civil Service. | ¡¡However, it is clearly an abuse of that discretion for the Referee or the Commission to refuse to impose a sanction on a litigant who flagrantly and willfully, without justification, violates a subpoena issued by the Referee. We find, therefore, that the Referee abused her discretion in failing to impose any sanction for Mr. Cheaton’s contempt in this case. Furthermore, we find that the Commission erred in denying review of the Referee’s ruling and in failing to impose an appropriate sanction for the act of contempt.
We believe under all of the circumstances of this case, Mr. Cheaton’s willful act of contempt should have been found by the Commission to warrant, at a minimum, dismissal of his appeal. Therefore, we find that the Commission erred in refusing to dismiss Mr. Cheaton’s appeal.
CONCLUSION
Based on the foregoing, we order that the appeal filed by George Cheaton is hereby dismissed. All costs of this appeal are assessed to appellee, George Cheaton.
REVERSED AND RENDERED.

. We express no opinion on that portion of the subpoena which ordered Mr. Cheaton’s testimony at the hearing, and we limit the contempt finding solely to Mr. Cheaton's refusal to attend the hearing despite a subpoena commanding his attendance therein.