808 So.2d 811 (2002)
Michael LANE
v.
DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, Probation and Parole.
No. 2000 CA 2010.
Court of Appeal of Louisiana, First Circuit.
February 15, 2002.
*812 Kathryn Wyble, Baton Rouge, for Plaintiff-Appellant Michael Lane.
Ana A. Litvinoff, Rick A. Alessi, Baton Rouge, for Defendant-Appellee Department of Public Safety and Corrections.
Before: CARTER, C.J., PARRO and CLAIBORNE,[1] JJ.
PARRO, J.
In this appeal, a civil service employee with the Department of Public Safety and Corrections (Department), Office of Adult Services, Division of Probation and Parole (Division), challenges the Louisiana State Civil Service Commission's (Commission) decision that reinstated the disciplinary action taken by the Division's acting director. For the following reasons, the decision of the Commission is reversed and judgment is rendered.

Facts and Procedural History
On July 7, 1999, Michael Lane (Lane) was employed by the Division, as a probation officer serving with permanent status. Lane was suspended without pay for 10 working days for a violation of Rule 13(g) of the Corrections Services Employee Manual relative to the keeping of travel logs. In conjunction with his suspension, Lane's duty station was changed. Lane filed a notice of appeal with the Commission seeking reversal of the disciplinary action. At the conclusion of the Department's case-in-chief in the hearing before a referee, Lane moved for summary disposition contending that the Department failed to prove that the acting director of the Division had authority to act on the appointing authority's behalf in taking disciplinary action. Subsequently, the referee afforded the Department an opportunity to introduce rebuttal evidence at which time *813 two documents were entered into evidence over the objection of Lane's counsel. Those documents consisted of a memorandum dated June 4, 1999, by the secretary (Secretary) of the Department, Richard L. Stalder, and an affidavit executed by the Secretary on March 27, 2000.
The June 4, 1999 memorandum stated in pertinent part:
Effective immediately, Warden James M. LeBlanc will be assigned directly to the Office of the Secretary and will assume operational responsibility for the Probation and Parole Division. He will exercise the full authority of my office in managing the Division while the search for a permanent Director is initiated.
The Secretary's initials were affixed to the memorandum. In the March 27, 2000 affidavit, the Secretary stated:
That he is the Secretary of the Department of Public Safety and Corrections by appointment of the Honorable Murphy J. "Mike" Foster, Governor of Louisiana.
That upon the retirement of Morris E. Easley, Jr., Director of Probation and Parole, he personally assigned James M. LeBlanc to serve as the Acting Director of Probation and Parole, effective June 4, 1999.
That by memorandum dated June 4, 1999 (a copy of which is attached hereto) he granted Mr. LeBlanc the full authority of his office in managing the Probation and Parole Division, which included acting on his behalf in personnel matters and issuing letters of disciplinary action.
This affidavit was signed by the Secretary before a notary public, but no witnesses.
After considering the evidence presented and the applicable legal provisions, the referee rendered a decision in favor of Lane reversing the 10-day suspension, ordering back pay, reinstating Amite as his duty station, and awarding attorney fees in the amount of $1,500. The Department applied to the Commission for review of the referee's decision. Its application for review was granted, and the referee's decision was reversed. From the Commission's decision, Lane now appeals.
On appeal, Lane argues that the referee erred in accepting evidence concerning the delegation of authority issue once the Department had rested its case. Additionally, Lane submits that the Commission erred in finding that (1) the Department lawfully proved the delegation of appointing authority, (2) the affidavit attempting to delegate appointing authority could be applied retroactively, (3) the Department could establish the delegation of appointing authority by an affidavit dated after the date of the disciplinary action, (4) the Department met the requirements of LSA-C.E. art. 902, LSA-C.E. art. 904, and LSA-R.S. 13:3712, (5) the disciplinary action against Lane was taken by the proper appointing authority, (6) the documents submitted by the Department constituted an authentic act as defined by LSA-C.C. art. 1833, (7) the Secretary had the power to delegate appointing authority for personnel matters within the Division of Probation and Parole, and (8) the June 4, 1999 memorandum was admissible. Moreover, Lane alleges that the Commission ignored Civil Service Rule 13.19(g) regarding admissibility of affidavits and failed to strictly construe the requirement that disciplinary action come from the proper appointing authority. Accordingly, he seeks reinstatement of the referee's decision.

Appointing Authority
The burden of proof in an appeal to the Commission on a disciplinary action is on the appointing authority. LSA-Const. Art. X, § 8(A); Civil Service Rule *814 13.19(c). Disciplinary actions may only be taken by an appointing authority. Civil Service Rule 12.1. Likewise, a change in duty station may only be directed by an appointing authority. Civil Service Rule 8.16(c). Unless taken by the proper appointing authority, disciplinary action is null and must be set aside. Department of Agriculture and Forestry v. Jones, 93-0128 (La.App. 1st Cir.3/11/94), 633 So.2d 900, 902, writ denied, 94-0907 (La.5/20/94), 637 So.2d 482. The requirement that the disciplinary action be issued by the appointing authority is to be strictly construed. Department of Agriculture and Forestry v. Jones, 633 So.2d at 902. The appointing authority is the agency, department, board, or commission and the officers and employees thereof authorized by statute or by lawfully delegated authority to make appointments to positions in the state civil service. Civil Service Rule 1.4.
Lane asserts the Secretary was not the proper person to delegate the appointing authority in this case. In addressing this issue, we look to the statutory source of the authority to make appointments in the corrections services section of the Department. The statutes set forth the following scheme. The Department shall be composed of the executive office of the Secretary, public safety services, corrections services, and such other offices as shall be created by law. LSA-R.S. 36:401(C)(1). Corrections services shall include the office of management and finance for corrections services, the office of adult services, and the office of youth development. Corrections services shall also include the deputy secretary of corrections services and the assistant secretaries of the offices and personnel necessary to carry out their functions. LSA-R.S. 36:401(C)(1). The office of adult services shall perform functions of the state relating to the probation and parole programs for adults. LSA-R.S. 36:408(G)(1).
The Department's officers include the Secretary, the undersecretary for corrections services, the deputy secretary for corrections services, and assistant secretaries. LSA-R.S. 36:402(A). The Secretary shall serve as the executive head and chief administrative officer of the Department and shall have the responsibility for the policies of the Department, as well as administration, control, and operation of the functions, programs, and affairs of the Department. LSA-R.S. 36:403. The undersecretary is the officer designated to direct and be responsible for the functions of the office of management and finance of certain departments. LSA-R.S. 36:3(7); see LSA-R.S. 36:406(B)(2). The deputy secretary is the officer authorized to be appointed by the Secretary to serve as his principal administrative assistant. LSA-R.S. 36:3(4); see LSA-R.S. 36:405. An assistant secretary is the officer designated by law or by the secretary of each department to carry out the duties and functions of an office within certain departments, except an office of management and finance. LSA-R.S. 36:3(2); see LSA-R.S. 36:407.
For the purpose of our discussion, except as otherwise specifically provided in LSA-R.S. 36:405 and 406, the Secretary shall have authority to employ, appoint, remove, assign, and promote such personnel as is necessary for the efficient administration of the executive office of the Secretary and of each other office of the Department. LSA-R.S. 36:404(B)(1)(a). All of the above shall be accomplished in accordance with applicable civil service law. LSA-R.S. 36:404(B)(1)(d). In light of the foregoing, the Secretary would have the appointing authority over the Division, which is in the office of adult services, *815 unless otherwise provided for in LSA-R.S. 36:405 or 406.
Louisiana Revised Statute 36:405(A)(1)(c) provides that the duties and functions of the deputy secretary shall be determined and assigned by the Secretary, except that corrections services, including the office of adult services and its assistant secretary, shall be under the supervision and direction of the deputy secretary for corrections services. The fact that the deputy secretary for corrections services is charged with supervising and directing the office of adult services is alone obviously insufficient to make such deputy secretary the appointing authority relative to the Division; otherwise, it would have been unnecessary to specifically grant the deputy secretary for public safety services the authority to employ, appoint, remove, assign, and promote such personnel as is necessary for the efficient administration of public safety services. See LSA-R.S. 36:405(A)(1)(b) and (2). Absent a similar provision in favor of the deputy secretary for corrections services, we are unable to find that the provisions of LSA-R.S. 36:405 limit the authority bestowed upon the Secretary by LSA-R.S. 36:404(B)(1)(a) relative to the appointment and removal of personnel.
In addition to the deputy secretary, corrections services shall have an undersecretary that is appointed by the governor, subject to approval by the Senate. LSA-R.S. 36:406(A). The undersecretary shall be directly responsible to and shall perform his or her functions under the supervision and control of the Secretary. LSA-R.S. 36:406(A). The undersecretary for corrections services shall direct and be responsible for the functions of the office of management and finance for corrections services within the Department. In such capacity, he or she shall be responsible for, among other things, personnel management for corrections services and all of its offices, except as otherwise specifically provided. LSA-R.S. 36:406(B)(2). Lane argues that the responsibility for personnel management makes the undersecretary for corrections services the appointing authority relative to all offices within corrections services, including the office of adult services (and the Division). We disagree.
The provisions of LSA-R.S. 36:406(B)(2) simply refer to the general responsibilities and authority of the undersecretary for corrections services and does not infringe on the Secretary's specific authority set forth in LSA-R.S. 36:404(B)(1)(a) with respect to the offices of the Department. Cf. LSA-R.S. 36:406(B)(3). Such a finding is consistent with our opinion in Department of Agriculture and Forestry v. Jones, 633 So.2d at 902. In that case, this court held that the statutes which were more specific on the authority to appoint and remove personnel were controlling over those statutes conferring only general powers over direction and control of personnel. Therefore, we conclude that Richard Stalder, as the Secretary of the Department, is the statutory appointing authority for all employees of the office of adult services, which includes the Division. As the appointing authority, he clearly possessed the power to delegate such authority.

Delegation of Appointing Authority
Although the Secretary may delegate the appointing authority, the delegation must be proved. Authentic acts delegating appointing authority or certified copies thereof may be offered into evidence without further proof and shall be accepted as prima facie proof of the recitals contained therein. Civil Service Rule 13.19(t); LSA-C.C. art. 1835. An authentic act is a writing executed before a notary public or other officer authorized to *816 perform that function, in the presence of two witnesses, and signed by each party who executed it, by each witness, and by each notary public before whom it was executed. LSA-C.C. art. 1833. An act that fails to be authentic may still be valid as an act under private signature. LSA-C.C. art. 1834.
The only evidence to prove delegation of appointing authority introduced by the Department at the hearing before the referee was a memorandum and an affidavit. Because neither of the documents offered into evidence by the Department were in authentic form as required by Civil Service Rule 13.19(t), the referee refused to accept them as prima facie proof that the Secretary delegated his authority to Mr. LeBlanc. In the absence of documentation in authentic form, the referee summarily granted part of Lane's appeal.
On review, the Commission found that the referee correctly determined that the documents introduced in an attempt to prove the delegation of appointing authority could not be accepted as prima facie proof of such delegation; however, it recognized that a lawful delegation of appointing authority authorized by Civil Service Rule 1.4 could be proven by direct or circumstantial evidence like any other fact, citing Louisiana Public Service Commission v. Cheathon, 625 So.2d 703, 705 (La. App. 1st Cir.1993), writ denied, 93-2843 (La.1/13/94), 631 So.2d 1166.
According to Civil Service Rule 13.19(t), only an authentic act executed by the Secretary on June 4, 1999, or a certified copy of such an act, would have been sufficient to constitute prima facie proof of the recitals contained therein. In the absence of such, the appointing authority could prove that a proper delegation was made by using direct or circumstantial evidence. See Department of Agriculture and Forestry v. Jones, 633 So.2d at 903; Louisiana Public Service Commission v. Cheathon, 625 So.2d at 705.
After examining the two documents that had been introduced by the Department, the Commission concluded that the statement in the Secretary's March 27, 2000 affidavit concerning his past action on June 4, 1999, was hearsay and thus inadmissible as proof of the occurrence of the event. See LSA-C.E. arts. 801, 802. Nonetheless, the Commission determined that the June 4, 1999 memorandum was otherwise admissible, citing LSA-R.S. 13:3712(A), LSA-C.E. arts. 902 and 904, and LSA-R.S. 44:1(A)(3).
Relative to evidence presented in courts and judicial proceedings, LSA-R.S. 13:3712(A), concerning the use of copies as prima facie proof, provides:
Certified copies of books, records, papers or other documents of the state of Louisiana and its departments, boards, and agencies, and of its political subdivisions and their departments, boards, and agencies, and which are made self authenticating under Chapter 9 of the Louisiana Code of Evidence, shall be prima facie proof of the existence and contents of the originals and of any act, transactions or occurrence or event as a memorandum of which said books, records, papers or documents were kept or made.
Louisiana Code of Evidence article 902 identifies which documents are to be considered self-authenticating for which no extrinsic evidence of authenticity is required as a condition precedent to admissibility. Included in this list are certified Louisiana public documents. In particular, LSA-C.E. art. 902(2)(b) provides:
A purported record, book, paper, or other document of the State of Louisiana, or of a department, board, or agency thereof or of a political subdivision of the state or a department, board, or *817 agency of such a subdivision when certified as being the original by an officer or employee who identifies his official position and who either has custody of the document or who is otherwise authorized to make such a certification. [Emphasis added.]
Regarding the self-authentication of copies of public documents, LSA-C.E. art. 904 provides:
When an original public document is deemed authentic without proof by extrinsic evidence as provided in Article 902(1), (2), or (3), a purported copy of the document also shall be deemed authentic when certified as true or correct by the custodian or other person authorized to make that certification, by certificate complying with Article 902(1), (2), or (3). [Emphasis added.]
After considering the above provisions, the Commission found that the March 27, 2000 affidavit identified Stalder as the Secretary and identified the June 4, 1999 memorandum which was attached thereto. Although the affidavit failed to specifically state that Stalder, the affiant, was the custodian of the public document, or that the copy was true and correct, the Commission observed that as the chief executive officer and head of the Department, Stalder was the custodian of the Department documents, citing LSA-R.S. 44:1(A)(3).[2] Accordingly, the Commission found that the signature of Stalder on the affidavit constituted a certification by the custodian of the subject document so as to satisfy the self-authentication requirements of LSA-C.E. arts. 902(2)(b) and 904. It also concluded that by referencing the memorandum in the affidavit, the Secretary satisfied the requirement of certification that the copy was a true copy.
The Commission was satisfied that (1) the safeguards of the Louisiana Code of Evidence were met, (2) the affidavit with the attached memorandum was self-authenticating, and (3) the documents were properly accepted into evidence for consideration as prima facie proof of the act that is the subject of the memorandum. Consequently, the Commission determined that the appointing authority had established a prima facie case that a proper delegation of the appointing authority from Stalder to Mr. LeBlanc had occurred on June 4, 1999.
Such an evidentiary ruling overlooks the procedures for hearing appeals found in Civil Service Rule 13.19, paragraph "g," which provides:
Affidavits and other exparte statements shall not be received in evidence without the consent of all parties, except to refresh memory or to discredit a witness.
The record reveals that counsel for Lane objected to the admissibility of Stalder's affidavit, as well as the June 4, 1999 memorandum (which constitutes an exparte statement). The Commission's analysis relies on the affidavit as Stalder's certification that the copy of his June 4, 1999 memorandum was true and correct. To constitute prima facie proof of its existence and contents, LSA-R.S. 13:3712(A) requires resort to the Louisiana Code of Evidence articles on the self-authentication of public documents. Relative to the applicability of the Louisiana Code of Evidence in proceedings before the referee or the Commission, Civil Service Rule 13.19(d) provides:
Where appropriate and not inconsistent with [the Civil Service Rules], the rules of evidence applicable to civil trials in the district courts of the State shall be *818 observed in all hearings before a referee or the Commission.
We find that the Commission's reliance on the Louisiana Code of Evidence as a basis for a finding of prima facie proof of the contents contained in the June 4, 1999 memorandum to be inconsistent with the provisions of Civil Service Rules 13.19(g) and (t). Because of the conflict that exists between these Civil Service Rules and the applicable articles of the Louisiana Code of Evidence, we conclude that the Commission improperly relied on the self-authentication articles of the Louisiana Code of Evidence.
The Civil Service Rules establish the type of evidence needed to establish a prima facie case. In the absence of such evidence in this case, the burden was on the Department to present sufficient admissible evidence to prove the delegation of the appointing authority. Realization of such a burden of proof by the counsel for the Department is evidenced by a March 2, 2000 letter to opposing counsel in which she admitted that the June 4, 1999 memorandum alone was insufficient to prove the alleged delegation. After admitting that the delegation of the appointing authority could be easily proven, she questioned whether counsel for Lane would accept an affidavit by the Secretary regarding his intent relative to the June 4, 1999 memorandum. Alternatively, she indicated that she would call the Secretary to testify at the hearing. By letter of March 28, 2000, counsel for Lane made it clear that the proposed introduction of an affidavit by the Secretary would be unacceptable to Lane. Despite this knowledge, counsel for the Department failed to present sufficient evidence of the delegation of the appointing authority. Stalder was not called as a witness, and when counsel for the Department attempted to question Mr. LeBlanc, who testified at the hearing regarding his assignment, counsel for Lane twice entered a hearsay objection. Subsequently, counsel for the Department abandoned such a line of questioning and focused on the merits of the underlying disciplinary action. Accordingly, we conclude that the Department failed to prove a proper delegation of appointing authority by Stalder.[3]

Decree
For the foregoing reasons, the decision of the Louisiana State Civil Service Commission is hereby reversed. The decision of the referee is reinstated. Costs of this appeal in the amount of $221 are assessed to the Department of Public Safety and Corrections.
REVERSED AND RENDERED.
CARTER, C.J., concurs in the results only.
NOTES
[1] Judge Ian W. Claiborne, retired from the Eighteenth Judicial District Court, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] LSA-R.S. 44:1(A)(3) provides:

As used in this Chapter, the word "custodian" means the public official or head of any public body having custody or control of a public record, or a representative specifically authorized by him to respond to requests to inspect any such public records.
[3] In light of this conclusion, we pretermit discussion of Lane's contention that the referee erred in allowing the Department to introduce evidence concerning the delegation of appointing authority once it had rested its case and he motioned for summary disposition of the case.